William R. POLT, Plaintiff,

v.

CONTINENTAL INSURANCE
COS., Defendant.

Civ. No. 83–0137.

United States District Court,
M.D. Pennsylvania.

Feb. 15, 1984.

Stephen Bresset, Honesdale, Pa., Kathleen Lenahan, Scranton, Pa., for plaintiff.

Anthony J. Piazza, Jr., Tellie, Durkin, Weinberger, Murphy & Piazza, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

The plaintiff, a citizen of Pennsylvania, commenced this action against the defendant, a New York corporation, on February 2, 1983, invoking this court's jurisdiction over diversity cases. The plaintiff seeks disability benefits allegedly due and owing to him by virtue of an accident insurance policy issued by the defendant.

On October 17, 1983, the defendant filed a motion, asking the court to declare that the law of the Commonwealth of Virginia would govern in the above-captioned matter. This court, in an Order dated November 2, 1983, directed the parties to file briefs demonstrating that the choice of law question would have an effect upon the disposition of this case. See Document 20 of the Record. Both parties have filed their briefs. In addition, the plaintiff filed a cross motion, seeking a declaration that Pennsylvania law governs. These matters are now ripe for disposition.

For the reasons set forth below, the court holds that the law of the Commonwealth of Virginia governs in the above-captioned case.

## FACTUAL BACKGROUND

The following facts appear to be undisputed:

From 1965 until March 1971, the plaintiff was employed by Moore Business Forms, Inc. (Moore) in Honesdale, Pennsylvania.

In March 1971, the plaintiff began working for Moore in Fredricksburg, Virginia. Accordingly, the plaintiff moved his family from Honesdale to Fredricksburg. The insurance policy in issue, a group plan procured by Moore for its employees, went into effect on April 1, 1975, while the plaintiff was living and working in Virginia. The policy was filed with the appropriate state agencies in Virginia and in New York, the defendant's principal place of business. The policy subsequently was amended to provide for permanent total disability coverage. This endorsement was dated April 1, 1980. On that date, the plaintiff was still living and working in Virginia.

The plaintiff stopped working on July 17, 1980 and his employment with Moore officially ceased on January 13, 1981. The plaintiff subsequently left Virginia and returned to Honesdale, where he now resides.

### THE PARTIES' CONTENTIONS

According to the plaintiff, he was injured in Virginia during the course of his employment with Moore on July 17, 1980, when he slipped on some debris and "twisted" his back. *See* Deposition of Plaintiff, Transcript at 31–32, Document 19 of the Record. Because this "illness [allegedly] is of a continuing nature resulting in total disability as described in the subject policy," *see* Complaint ¶ 6, Document 1 of the Record, the plaintiff claims that the defendant is obligated to pay benefits under the group plan. The defendant asserts that the plaintiff's back problem is the result of a lower back ailment which originated many years before the policy was written and was exacerbated by a severe automobile accident occurring in 1979. *See* Defendant's Brief at 3, Document 24 of the Record. Citing a policy provision which states that the claimed disability must result "directly and independently of all other causes from bodily injuries caused by accident occurring while [the] policy is in force," *id.* at 2, the defendant asserts that the plaintiff's disability is not covered under the policy, *see id.* at 3–4.

### DISCUSSION

The defendant asserts, *inter alia,* that the choice of law question is significant in this case because the Commonwealth of Virginia has not yet endorsed a rule akin to that enunciated by the Pennsylvania Superior Court in *Hionis v. Northern Mutual Insurance Co.,* 230 Pa.Super. 511 (1974). If Virginia law applies, the defendant asserts, certain issues involving the *Hionis* rule will not be reached in this case. Recently, however, in *Standard Venetian Blind Co. v. American Empire Ins. Co.,* 469 A.2d 563 (Pa., 1983), the Supreme Court of Pennsylvania stated:

> We believe that the burden imposed by *Hionis* fails to accord proper significance to the written contract, which has historically been the true test of parties' intentions. By focusing on what was and what was not said at the time of contract formation rather than on the parties' writing, *Hionis* makes the question of the scope of insurance coverage in any given case depend upon how a factfinder resolves questions of credibility. Such a process, apart from the obvious uncertainty of its results, unnecessarily delays the resolution of controversy, adding only unwanted costs to the cost of procuring insurance. Thus, *Hionis,* which would permit an insured to avoid the application of a clear and unambiguous limitation clause in an insurance contract, is not to be followed.

*Id.* at 567.

Without deciding that the instant case involves "a clear and unambiguous limitation clause," it seems doubtful in light of *Standard Venetian Blind* that *Hionis* will be dispositive here. This is not to say, however, that the present choice of law question is immaterial, for the defendant has pointed to another difference between Pennsylvania and Virginia law which is significant here. Specifically, the defendant asserts, "the Virginia appellate courts have already construed the same or similar policy provisions applicable in this case." *See* Defendant's Brief at 2, Document 24 of the Record. Although reserving the right to

argue that Pennsylvania law would not differ, the defendant asserts that the case law within this Commonwealth is not as specific regarding contract provisions like the one at bar.

Inasmuch as this court sits as a Pennsylvania court in diversity cases, the choice of law rules of this Commonwealth must govern in this case. *See, e.g., Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Pennsylvania Supreme Court has adopted a "flexible conflicts methodology" for tort actions. *Aetna Life and Cas. Co. v. McCabe*, 556 F.Supp. 1342, 1347 n. 1 (E.D.Pa.1983); *see Griffith v. United Airlines*, 416 Pa. 1, 203 A.2d 796 (1964). Under this analysis, which the Court of Appeals for the Third Circuit has held is applicable in contract actions as well, *see Melville v. American Home Assurance Co.*, 584 F.2d 1306 (3d Cir.1978), a court must "take ... into account both the grouping of contacts with the various concerned jurisdictions and the interests and policies that may be validly asserted by each jurisdiction," *id.* at 1311. In other words, "[t]he current rule governing breach of contract actions directs the courts to make their choice of law by means of a two-part analysis that considers both the significant contacts that the contract has with the various jurisdictions and the interest, if any, that the various jurisdictions have in the subject matter of the contract." *Mashuda v. Western Beef, Inc.*, 527 F.Supp. 887, 891 (W.D. Pa.1981) (citations omitted).

After carefully considering both the quantitative and the qualitative contacts that the instant insurance policy has with the two jurisdictions involved, the court concludes that Pennsylvania's choice of law rules clearly dictate that the substantive law of Virginia must govern here. Quantitatively, the contract has but one contact with Pennsylvania: the plaintiff resides within this Commonwealth at the present time. At the time the policy was signed, however, the plaintiff resided and worked in Virginia. At the time, the pertinent endorsement took effect, the plaintiff lived and worked in Virginia. At the time the plaintiff allegedly suffered the injury forming the basis for his claim, he was working for Moore in Virginia.

The qualitative contacts also favor the application of Virginia law. Initially, the court notes that there are no qualitative contacts favoring the application of Pennsylvania law. While it may have been arguable at one time that the *Hionis* rule embodied a significant interest militating in favor of the application of Pennsylvania law, *see Henning v. Metropolitan Life Ins. Co.*, 546 F.Supp. 442, 446–47 (M.D.Pa.1982) (rejecting the argument in context of group insurance plans), the recent rejection of *Hionis* by the Pennsylvania Supreme Court eliminates this consideration. In contrast, the Commonwealth of Virginia quite obviously has a valid interest in seeing its substantive law applied to a group insurance plan covering Virginia residents who work for an employer in Virginia. Indeed, the fact that the policy was filed with a state agency in Virginia bears witness to the fact that a valid interest is possessed by that Commonwealth in regulating contracts of this type. Since the policy in issue has many more quantitative and qualitative contacts with Virginia than it does with Pennsylvania, the court concludes that Virginia law governs.

The court will enter an appropriate Order declaring that Virginia law governs this dispute. In addition, pursuant to the request of both parties, the court shall grant the parties fourteen (14) days in which to file a motion for summary judgment.