### Howard KUNREUTHER, et al.

### v.

### OUTBOARD MARINE CORPORATION.

Civ. A. No. 87–8330.

United States District Court,
E.D. Pennsylvania.

March 14, 1990.

Stephen R. Bolden, Fell & Spalding, Philadelphia, Pa., for plaintiff.

Harry A. Short, Jr., Liebert, Short, Fitzpatrick & Hirshland, Philadelphia, Pa., Alex B. Marconi, pro hac vice, for defendant.

ORDER

DuBOIS, District Judge.

AND NOW, to wit, this 14th day of March, 1990, upon consideration of the Motion of defendant, Outboard Marine Corporation, for Summary Judgment, and the Response of the plaintiff, after oral argument, IT IS ORDERED that the Motion of the defendant, Outboard Marine Corporation, for Summary Judgment is denied.

IT IS FURTHER ORDERED that this Court's Order and Memorandum of June 23, 1989, 715 F.Supp. 1304, are modified to provide that the laws of Pennsylvania shall be applied to all issues of liability.

That part of the within Order which modifies this Court's Order and Memorandum of June 23, 1989, is based on the following findings of fact and conclusions of law:

1. Plaintiff's decedent, Sylvia Kunreuther, was a citizen and resident of Pennsylvania at the time of her death;

2. Howard Kunreuther, Executor of the Estate of Sylvia Kunreuther, is a citizen and resident of Pennsylvania;

3. The defendant, Outboard Marine Corporation ("OMC"), is a Delaware Corporation with its principal place of business in Waukegan, Illinois;

4. On June 3, 1987, during a vacation in Montego Bay, Jamaica, the decedent, while snorkeling in the Bay, was struck by the propeller of an outboard motor manufactured by the defendant;

5. The outboard motor on the vessel at the time of the accident was designed and manufactured by OMC in the United States and initially sold by OMC to Gulf Marine in Clearwater, Florida;

6. Plaintiff's claim is based on the allegation that OMC, by failing to have a propeller guard on its motor, caused an enhancement of the injuries sustained by Sylvia Kunreuther, the deceased;

7. Several of the states implicated in this matter—*e.g.*, Pennsylvania, Florida and Illinois—recognize a party's potential liability for causing an enhanced injury; Jamaican law, however, does not recognize the enhanced injury doctrine;

8. The Court's Memorandum and Order of June 23, 1987, were premised on the submissions of counsel with respect to Jamaican law which led the Court to conclude that the enhanced injury doctrine of Pennsylvania would be made applicable to the case by applying Pennsylvania law on the issue of causation and Jamaican law to all other issues of liability. Subsequent submissions of counsel with respect to Jamaican law have led the Court to conclude that such premise was incorrect and that, by applying Pennsylvania law to the issue of causation and Jamaican law to all other issues of liability, the enhanced injury doctrine of Pennsylvania will not be made applicable to the case; and

9. For the reasons set forth below, the Court finds that Pennsylvania has the greatest interest in having its laws apply to the issues in this case.

A federal court exercising diversity jurisdiction applies the choice of law rules of the forum state in order to determine which law governs the substantive issues before it. *Klaxon v. Stentor Electric Manufacturing Co.* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In tort actions, Pennsylvania has abandoned the rule that the law of the place of injury governs substantive issues in favor of a more flexible rule which requires analysis of the policies and interests underlying the issues before the court. *Griffith v. United Air Lines, Inc,* 416 Pa. 1, 203 A.2d 796 (1964). This approach seeks to give the place having the most interest in the problem paramount control over the legal issues arising out of the particular factual context. *Id* at 22, 203 A.2d at 806; *see Blakesley v. Wolford,* 789 F.2d 236 (3d Cir.1986); *Tonkon v. Denny's Inc.* 650 F.Supp. 119 (E.D.Pa. 1986). Generally, the Pennsylvania courts consider both the parties' contacts with the jurisdictions involved and each jurisdic-

tion's policy interest in having its laws apply. *See, e.g., Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970).

Although Jamaica was the site of the accident involved in this case, Jamaica had no other contact with the matter. Furthermore, Jamaica's primary interest in having its laws apply—*i.e.* Jamaica's interest in regulating activities within its territory—is not directly at issue in the case because no Jamaican citizens are named defendants and no Jamaican interests are implicated.[1]

OMC is not a Jamaican-based corporation and there is no evidence that OMC relied on Jamaican law when selling the outboard motor in question. Thus, a decision by this Court not to apply Jamaican law will not affect the production and sale of outboard motors in or for Jamaica according to Jamaican standards.

By contrast, Pennsylvania has a more compelling reason to apply its laws here. The decedent was a resident and citizen of Pennsylvania and the plaintiff is a resident and citizen of Pennsylvania. Pennsylvania has a strong interest in protecting its citizens under Pennsylvania law. *See Griffith, supra,* 203 A.2d at 807. Furthermore, because OMC is headquartered in Illinois and the outboard motor was sold by OMC in Florida, both of which states recognize the enhanced injury doctrine, OMC should have anticipated the possibility of law suits based on the enhanced injury doctrine.

At oral argument on the Motion for Summary Judgment, the Court asked counsel for OMC whether a decision to apply the Pennsylvania law of enhanced injury would require any additional discovery. Defense counsel answered in the negative and stated that the discovery in the case, admittedly extensive, would have been the same whether or not the Pennsylvania law of enhanced injury applied. Thus, the Court

---

1. Under the relevant choice of law cases, the Pennsylvania courts are especially careful to apply the laws of another state or country (assuming a sufficient number of contacts) when the defendant is a resident or domicile of a foreign state or country and when the defendant is thus presumptively relying on the out-of-state laws. *See Griffith, supra,* 203 A.2d at 806–807 ("The state in which the injury occurred, as

such, has relatively little interest in the measure of damages to be recovered unless it can be said with reasonable certainty that defendant acted in reliance on that state's rule"); *see also Tonkon, supra,* at 121 (Mexican defendant licensee); *Cipolla, supra,* 267 A.2d at 856 (Delaware defendant); *Blakesley, supra,* at 243 (Texas defendant); *Shuder v. McDonalds Corp.,* 859 F.2d 266 (3d. Cir.1988) (Virginia franchisee).

finds that OMC will not be prejudiced by this Order of the Court applying Pennsylvania law to all issues of liability.

Based on the foregoing, the Court determines that, balancing all of the interests involved, Pennsylvania law shall be applied to all issues of liability.