## Manning v. Richards

*John J. Sylvanus,* for plaintiff.
*Mark E. Lovett,* for defendant.

DORNEY, *J.,* June 19, 1992—The matter before us is a motion in limine concerning a conflict of laws filed by Cary M. Richards (hereinafter defendant). Defendant contends that Maryland law which retains the common law theory of contributory negligence should be applied. In reply, John G. Manning (hereinafter plaintiff) asserts that Pennsylvania's Comparative Negligence Act, 42 Pa.C.S §7102(a), should govern this case.

The choice of law problem will significantly impact this case, if plaintiff is found to be negligent in walking across the street, then Maryland law precludes any recovery. See *Harrison v. Montgomery County Board of Education,* 295 Md. 442, 456 A.2d 894 (1983). On the other hand, if Pennsylvania's Comparative Negligence Statute applies, then plaintiff is barred from recovery if he is more than 50 percent negligent. The following facts give rise to the issue before us.

On August 14, 1988, in the early morning, defendant, while driving his motor vehicle, allegedly struck plaintiff who was walking across Philadelphia Avenue at Twelfth Street in Ocean City, Maryland. Plaintiff sustained injuries as a result of the accident.

The police charged defendant with driving while intoxicated under Maryland law. Subsequently, he plead guilty to the charge. Both parties are domiciled in Pennsylvania, and at the time of the accident, they were vacationing in Ocean City, Maryland.

Pennsylvania has adopted a hybrid choice of law approach combining a significant relationship test and an

interest analysis. *Kabo v. Summa Corp.,* 523 F. Supp. 1326, 1327 (E.D. Pa. 1981); *Breskman v. BCB Inc.,* 708 F. Supp. 655, 656 (E.D. Pa. 1988). This hybrid approach takes into account both the contacts associated with the various jurisdictions and the interests of the states most concerned with the outcome of the litigation. *Breskman, supra* at 656, citing *Phillips v. General Motors Corp.,* slip op. at 10 (E.D. Pa. March 28, 1988) [1988 WL 30971].

The Restatement (Second) of Conflicts §145 (1983) sets forth the contacts to be considered in applying the significant relationship test. They include:

"(1) the place where the injury occurred;

"(2) the place where the conduct causing the injury occurred;

"(3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

"(4) the place where the relationship between the parties is centered." Restatement (Second) of Conflict of Laws §145 (1983).

These contacts are to be evaluated considering the following factors:

"(a) the needs of the interstate and international systems;

"(b) the relevant policies of the forum;

"(c) the relevant policies of the other interested states and the relevant interests of those states in determination of a particular issue;

"(d) the protection of justified expectations;

"(e) the basic policies underlying the particular field of law;

"(f) certainty, predictability and uniformity of result; and

"(g) ease in the determination and application of the law to be applied." Restatement (Second) of Conflict of Laws §6 (1983).

In the present case, both the injury and the conduct causing the injury took place in Maryland. Similarly, the relationship between the parties is centered in Maryland. In fact, their only contact is the accident itself. On the other hand, both parties are domiciled in Pennsylvania. Considering only the number of contacts, Maryland law would apply. The weight and quality of these contacts, however, must be assessed against the factors outlined in section 6 of the Restatement (Second) of Conflicts of Law.

Several of these factors are of minor importance in the present case. The factor concerning the protection of the justified expectations of the parties is of little importance in the field of torts. Restatement, *supra*, §145, comment (b). The reason is that persons who cause injury, unintentionally act without giving thought to the law that may be applied to determine the legal consequences of their actions. In this case, it is unlikely that either party anticipated the consequences of their conduct with consideration of the substantive tort law of Maryland.

Likewise, certainty, predictability and uniformity of result is a factor of greatest importance when the parties are likely to consider the legal consequences of their planned transactions. *Id.* This applies in cases such as contracts, not torts. See *Breskman, supra.*

Finally, the determination and application of the law to be applied is of little weight in the present case. Both the doctrine of comparative negligence and contributory negligence are familiar concepts. Neither concept is more difficult to apply than the other.

The remaining considerations are of greater value to our determination. These factors deal with the policies of the forum state, interested foreign states, and the underlying policies of the particular field of law.

"The basic tort law of a state is designed to protect the rights of the individuals who are residents or citizens of the state." *Breskman, supra* at 658. Maryland, by adhering to the common law of contributory negligence, "follows the common law policy that protects defendants from claims and encourages persons to exercise care for their own safety." *Shuder v. McDonald's Corp.,* 859 F.2d 266, 271 (3rd Cir. 1988). On the other hand, Pennsylvania's policy compensates its residents for injuries caused by negligent persons, but penalizes injured persons by fault.

Although the accident occurred in Maryland, Maryland's primary interest in regulating activities within its territory is not directly at issue because no Maryland citizens are named defendants. See *Kunreuther v. Outboard Marine Corp.,* 749 F.Supp. 658, 659 (E.D. Pa. 1990); *Davis v. School District of Philadelphia,* 91 Pa. Commw. 27, 496 A.2d 903 (1985). Moreover, the accident did not arise as a result of a condition on property located in Maryland. See *Shuder, supra.* While defendant correctly asserts that Maryland law has an interest in having its traffic laws enforced, this interest was satisfied

by defendant's conviction for driving while intoxicated in Maryland.

*Markiewicz v. Needham,* 41 D.&C.2d 18 (1966), is similar to the case before us. In *Markiewicz,* plaintiff sued defendant for injuries sustained after the car in which they were riding hit an abutment in Ontario, Canada. Defendant attempted to apply Ontario law which relieved a driver of an automobile from liability to a guest in his automobile. The court held that the site of the accident was merely fortuitous, and Ontario had no interest in denying a remedy to a plaintiff when both parties were Pennsylvania residents.

We find that Maryland's policy to protect resident defendants from excessive liabilities would not be served in this case. Rather, Pennsylvania has a more significant relationship with the parties and a greater interest in compensating its tort victims. We believe that Pennsylvania law should apply.

Accordingly, we enter the following order.

## ORDER

And now, June 19, 1992, for the reasons stated in the above opinion, defendant's motion in limine is denied.

The prothonotary is directed to notify the parties in the entry of this opinion and order.