## KLAXON COMPANY *v.* STENTOR ELECTRIC MANUFACTURING CO., INC.

No. 741. Argued May 1, 2, 1941.—Decided June 2, 1941.

*Mr. John Thomas Smith* for petitioner.

490

Mr. *Murray C. Bernays,* with whom *Messrs. Paul Leahy, Henry Gale,* and *Abraham Friedman* were on the brief, for respondent.

492

493

Mr. Justice Reed delivered the opinion of the Court.

The principal question in this case is whether in diversity cases the federal courts must follow conflict of laws rules prevailing in the states in which they sit. We left this open in *Ruhlin* v. *New York Life Insurance Co.*, 304 U. S. 202, 208, n. 2. The frequent recurrence of the problem, as well as the conflict of approach to the problem between the Third Circuit's opinion here and that of the First Circuit in *Sampson* v. *Channell*, 110 F. 2d 754, 759–62, led us to grant certiorari.

In 1918, respondent, a New York corporation, transferred its entire business to petitioner, a Delaware corporation. Petitioner contracted to use its best efforts to further the manufacture and sale of certain patented devices covered by the agreement, and respondent was to have a share of petitioner's profits. The agreement was executed in New York, the assets were transferred there, and petitioner began performance there although later it moved its operations to other states. Respondent was voluntarily dissolved under New York law in 1919. Ten years later it instituted this action in the United States District Court for the District of Delaware, alleging that petitioner had failed to perform its agreement to use its best efforts. Jurisdiction rested on diversity of citizenship. In 1939 respondent recovered a jury verdict of $100,000, upon which judgment was entered. Respondent then moved to correct the judgment by adding in-

terest at the rate of six percent from June 1, 1929, the date the action had been brought. The basis of the motion was the provision in § 480 of the New York Civil Practice Act directing that in contract actions interest be added to the principal sum "whether theretofore liquidated or unliquidated."[1] The District Court granted the motion, taking the view that the rights of the parties were governed by New York law and that under New York law the addition of such interest was mandatory. 30 F. Supp. 425, 431. The Circuit Court of Appeals affirmed, 115 F. 2d 268, and we granted certiorari, limited to the question whether § 480 of the New York Civil Practice Act is applicable to an action in the federal court in Delaware. 312 U. S. 674.

The Circuit Court of Appeals was of the view that under New York law the right to interest before verdict under § 480 went to the substance of the obligation, and that proper construction of the contract in suit fixed New York as the place of performance. It then concluded that § 480 was applicable to the case because "it is clear by what we think is undoubtedly the better view of the law that the rules for ascertaining the measure of damages are not a matter of procedure at all, but are

---

[1] Section 480, New York Civil Practice Act:

"Interest to be included in recovery. Where in any action, except as provided in section four hundred eighty-a, final judgment is rendered for a sum of money awarded by a verdict, report or decision, interest upon the total amount awarded, from the time when the verdict was rendered or the report or decision was made to the time of entering judgment, must be computed by the clerk, added to the total amount awarded, and included in the amount of the judgment. In every action wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded."

matters of substance which should be settled by reference to the law of the appropriate state according to the type of case being tried in the forum. The measure of damages for breach of a contract is determined by the law of the place of performance; Restatement, Conflict of Laws § 413." The court referred also to § 418 of the Restatement, which makes interest part of the damages to be determined by the law of the place of performance. Application of the New York statute apparently followed from the court's independent determination of the "better view" without regard to Delaware law, for no Delaware decision or statute was cited or discussed.

We are of opinion that the prohibition declared in *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, against such independent determinations by the federal courts, extends to the field of conflict of laws. The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts.[2] Otherwise, the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side. See *Erie R. Co.* v. *Tompkins, supra,* at 74–77. Any other ruling would do violence to the principle of uniformity within a state, upon which the *Tompkins* decision is based. Whatever lack of uniformity this may produce between federal courts in different states is attributable to our federal system, which leaves to a state, within the limits permitted by the Constitution, the right to pursue local policies diverging from those of its neighbors. It is not for the federal courts to thwart such local policies by enforcing an independent "general law" of conflict of laws. Subject only to review by this Court

---

[2] An opinion in *Sampson* v. *Channell,* 110 F. 2d 754, 759–62, reaches the same conclusion, as does an opinion of the Third Circuit handed down subsequent to the case at bar, *Waggaman* v. *General Finance Co.,* 116 F. 2d 254, 257. See also Goodrich, Conflict of Laws, § 12.

on any federal question that may arise, Delaware is free to determine whether a given matter is to be governed by the law of the forum or some other law. Cf. *Milwaukee County* v. *White Co.,* 296 U. S. 268, 272. This Court's views are not the decisive factor in determining the applicable conflicts rule. Cf. *Funkhouser* v. *J. B. Preston Co.,* 290 U. S. 163. And the proper function of the Delaware federal court is to ascertain what the state law is, not what it ought to be.

Besides these general considerations, the traditional treatment of interest in diversity cases brought in the federal courts points to the same conclusion. Section 966 of the Revised Statutes, 28 U. S. C. § 811, relating to interest on judgments, provides that it be calculated from the date of judgment at such rate as is allowed by law on judgments recovered in the courts of the state in which the court is held. In *Massachusetts Benefit Association* v. *Miles,* 137 U. S. 689, this Court held that § 966 did not exclude the allowance of interest on verdicts as well as judgments, and the opinion observed that "the courts of the state and the federal courts sitting within the state should be in harmony upon this point" (p. 691).

Looking then to the Delaware cases, petitioner relies on one group to support his contention that the Delaware state courts would refuse to apply § 480 of the New York Civil Practice Act, and respondent on another to prove the contrary. We make no analysis of these Delaware decisions, but leave this for the Circuit Court of Appeals when the case is remanded.

Respondent makes the further argument that the judgment must be affirmed because, under the full faith and credit clause of the Constitution, the state courts of Delaware would be obliged to give effect to the New York statute. The argument rests mainly on the decision of this Court in *John Hancock Mutual Life Ins. Co.* v. *Yates,*

299 U. S. 178, where a New York statute was held such an integral part of a contract of insurance, that Georgia was compelled to sustain the contract under the full faith and credit clause. Here, however, § 480 of the New York Civil Practice Act is in no way related to the validity of the contract in suit, but merely to an incidental item of damages, interest, with respect to which courts at the forum have commonly been free to apply their own or some other law as they see fit. Nothing in the Constitution ensures unlimited extraterritorial recognition of all statutes or of any statute under all circumstances. *Pacific Employers Insurance Co.* v. *Industrial Accident Comm'n,* 306 U. S. 493; *Kryger* v. *Wilson,* 242 U. S. 171. The full faith and credit clause does not go so far as to compel Delaware to apply § 480 if such application would interfere with its local policy.

Accordingly, the judgment is reversed and the case remanded to the Circuit Court of Appeals for decision in conformity with the law of Delaware.

*Reversed.*