**Edgar and Marion McCOY**

v.

**MARRIOTT CORPORATION, et al.**

**Civ. A. No. 80–4056.**

United States District Court,
E. D. Pennsylvania.

Oct. 16, 1981.

Erwin Miller, Philadelphia, Pa., for plaintiffs.

Peter S. Miller, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for defendant Marriott Corp.

Daniel P. Carter, LaBrum & Doak, Philadelphia, Pa., for defendant Alvin Gibbs.

## MEMORANDUM

GILES, District Judge.

The court has before it a Motion for Summary Judgment filed by third party defendant Alvin Gibbs, individually and trading as Gibbs Arco Station (hereinafter "Gibbs"). The underlying action was brought by the plaintiffs, Edgar and Marion McCoy against the defendant Marriott Corporation (hereinafter "Marriott") for injuries sustained when Mr. McCoy allegedly slipped and fell on the sidewalk adjacent to a Roy Rogers Restaurant operated by Marriott, (hereinafter "Roy Rogers"). Marriott has joined third party defendant Gibbs claiming that the accident occurred due to Gibbs' negligence in failing properly to clear snow from the Roy Rogers parking lot and drive-way. Jurisdiction is based upon diversity of citizenship and an amount in controversy in excess of $10,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332 (1976).

The complaint alleges that Mr. McCoy, a business invitee at Roy Rogers, left the restaurant and slipped and fell on an accumulation of snow on the sidewalk adjacent to the restaurant. Mr. McCoy avers that his injuries were caused by Marriott's negligence in piling the snow so as to block pedestrians' right-of-way on the sidewalk and in allowing the snow pile to remain on the sidewalk for an unreasonable length of time. Marriott, in turn, has joined Gibbs claiming that if the accident occurred as alleged, it was due to Gibbs' negligence in clearing the snow from the parking lot and driveway so as to block the adjacent sidewalk.

It is undisputed that Gibbs and Marriott had an oral contract for the removal of snow during the relevant period, and that the snow removal contract between them pertained to snow removal from the parking lot and driveway of Roy Rogers. Likewise, the parties agree that the contract did not encompass snow removal from Roy Rogers' sidewalks and, further, that it was Marriott's practice to shovel the sidewalks itself. Gibbs claims that it is entitled to summary judgment, as a matter of law, because it had no duty to remove any snow which may have accumulated on the sidewalks inasmuch as the snow plowing contract pertained only to the Roy Rogers driveway and parking lot. Absent such a duty, Gibbs argues there can be no recovery from it. In opposing the motion, Marriott contends that there are disputed issues of material fact which preclude summary judgment, specifically, whether Gibbs (1) created the pile of snow in question; and (2) acted reasonably in clearing the snow from the parking lot and driveway.

For the following reasons, I agree with Marriott and shall deny Gibbs' motion for summary judgment.

## THE STANDARDS FOR SUMMARY JUDGMENT

 Rule 56(c) of the Federal Rules of Civil Procedure establishes that summary judgment may be entered when it appears

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is well settled that the party moving for summary judgment has the burden of proving that no genuine issue of fact exists. *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Fairbanks, Morse & Co. v. Consolidated Fisheries Co.*, 190 F.2d 817, 824 (3d Cir. 1951). In determining the presence of a disputed issue of material fact on motion for summary judgment, all inferences, doubts and issues of credibility should be resolved against the moving party. *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972).

■ Applying these standards, it is clear that there are disputed issues of material fact. First, there exists a factual dispute as to whether Mr. McCoy actually fell on the sidewalk. Although Mr. McCoy asserted in his deposition that he fell on the sidewalk, Mrs. Rosemary W. Johnson, a neighbor who drove Mr. McCoy to the hospital and who was recently deposed, has testified that Mr. McCoy told her he slipped in either the parking lot or driveway of Roy Rogers. (Deposition of Rosemary W. Johnson at 24).[1]

In light of Mrs. Johnson's testimony, Gibbs' argument for summary judgment based on lack of duty to clear the sidewalk, falls of its own weight, since Gibbs admits it had a duty to clear the driveway and parking lot in a proper manner. Thus, the location of the fall presents a material issue of fact which precludes summary judgment. Moreover, even without Mrs. Johnson's testimony there would still be disputed factual issues.

1. Mr. McCoy's statements, as recalled by Mrs. Johnson, may constitute admissions under FRE 801(d)(2).

2. As a diversity court, I must look to Pennsylvania's conflict of law rules to determine which state's substantive law applies. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under the flexible contacts/interest analysis adopted by the Pennsylvania Supreme Court in *Griffith v. United*

■ Under Pennsylvania law, which must be applied in this case,[2] no tort liability may be imposed upon a defendant unless he owes a duty to the injured plaintiff. *See Boyce v. United States Steel Corp.*, 446 Pa. 226, 230, 285 A.2d 459, 461 (1971); *Suchomajcz v. Hummel Chemical Co.*, 524 F.2d 19, 24 (3d Cir. 1975).

Gibbs bases his motion upon this legal principle asserting that, as a matter of law, he owed no duty to plaintiff since the contract for snow removal between Gibbs and Marriott did not extend to the sidewalk where the plaintiff allegedly fell, but only to the adjoining parking lot and driveway.

As a matter of law, Gibbs could have a duty towards plaintiff, although not arising out of the Gibbs-Marriott oral contract. Such a duty rests upon:

> The responsibility which each person bears to exercise care in his conduct to avoid unreasonable risk of harm to another. As a general rule, 'anyone who does an affirmative act is under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act.' *Restatement (Second) of Torts § 302, comment a* at 82 (1965) . . . . *See generally* W. Prosser, *Torts* § 53 (4th ed. 1971).

*Suchomajcz v. Hummel Chemical Co.*, 524 F.2d 19, 24 (3d Cir. 1975). *See also Restatement (Second) of Torts § 324A* (1965).

A jury question would exist as to whether Gibbs properly discharged this duty. First, there is a factual question whether, in the process of plowing the driveway and parking lot, Gibbs caused the snow to accumulate and remain on the sidewalk. Marriott has denied the existence of such a snowpile and, alternatively, has denied that it creat-

*Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), the substantive law of Pennsylvania would apply since plaintiff is a resident of Pennsylvania, the alleged injuries and conduct occurred in Pennsylvania, and no other state appears to have a dominant interest in the occurrences. *See Restatement (Second) of The Conflict of Laws § 146* and *Suchomajcz v. Hummel Chemical Co.*, 524 F.2d 19, 23–24 (3d Cir. 1975).

ed any snowpile which may have existed. A jury could find that Gibbs in undertaking to plow the snow could have created an unreasonable risk to pedestrians if it pushed snow onto the sidewalk and permitted it to remain blocking access or passage. On the other hand, the jury could find that Gibbs did not act unreasonably, given Marriott's past practice of assuming responsibility for clearing the sidewalks.

Accordingly, Gibbs' Motion for Summary Judgment is denied.