**Ada I. STEVENS, Administratrix of the Estate of Leon F. Stevens, Deceased**

v.

**CESSNA AIRCRAFT CO., et al.**

**Civ. A. No. 82–219.**

United States District Court, E.D. Pennsylvania.

Oct. 17, 1984.

Soren P. West, Lancaster, Pa., for plaintiff.

J. Grant McCabe, III, Philadelphia, Pa., for Cessna.

Alfred A. Gollatz, Philadelphia, Pa., for Teledyne.

## MEMORANDUM

HUYETT, District Judge.

The instant case presents a difficult choice of law problem. There are at least six states which are seriously involved in this suit. Plaintiff is a resident and domicilary of Pennsylvania. She is suing under a wrongful death theory and claims that her husband was killed when a plane he was piloting crashed. Plaintiff alleges that the crash was caused by a defect in the plane. The deceased was a member of the Armed Forces and at the time of his death he was stationed at a base straddling the Kentucky-Tennessee border. He was a resident of Tennessee, although he listed his mother's residence in Ephrata, Pennsylvania as his permanent address in his military records. He listed his father's address in New York as his permanent address in some of his flight licensing documentation. At the time of his death, he was in the employ of a Tennessee business, owned by third-party plaintiff and third-party defendant Sam Vires ("Vires"). The fatal crash occurred while the deceased was flying a cargo flight originating in Tennessee and scheduled to return to Tennessee. The plane crash occurred in Ohio. The plane was manufactured by defendant Cessna, a Kansas corporation. Its engines were manufactured by defendant Teledyne, a California corporation with its principal

place of business in Alabama. The engines were manufactured in Alabama. In addition to the plaintiff and her children, the deceased left a number of other survivors in other states.

At present, plaintiff has sued Cessna and Teledyne, who have in turn added Vires as a third-party defendant. Vires has joined a separate property damage claim against Cessna and Teledyne who have joined plaintiff as a third-party defendant. The specific factual allegations of these various claims are not important to the determination of the appropriate law to apply. The parties have focused their arguments on the choice between the laws of Pennsylvania and Tennessee. I too find that those two states have more significant contacts with this action than do the other states involved. Therefore, I will limit my examination of this problem to the contacts of Pennsylvania and Tennessee to this action.

*Discussion*

■ A federal court sitting in diversity must apply the choice of law rules of the forum state. *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania has adopted a modified version of the flexible approach of the Restatement (Second) Conflict of Laws (1969). *See Griffith v. United Air Lines*, 416 Pa. 1, 203 A.2d 796 (1964). Under this approach, the first step is to identify and eliminate "false" conflicts from consideration. The next step is to examine the competing interests of the various states involved. A state's contacts with an action are considered significant only when the behavior giving rise to the contact furthers or abrogates a state policy. *Cipolla v. Shaposka*, 439 Pa. 563, 267 A.2d 854, 856 (1970). The law of the state with the most significant contacts is then chosen.

Plaintiff argues that the deceased was domiciled in Pennsylvania at the time of the accident notwithstanding the fact that he had not resided in the Commonwealth for the last thirteen years. She alleges that because her husband had been in military service from the time he left Pennsylvania until the date of his death, Pennsylvania is still his true domicile. She relies on section 17 of the Restatement (Second) Conflict of Laws (1969) which provides that a person does not acquire a domicile of choice when he or she resides in a place under legal compulsion. Defendants argue that the deceased was not compelled to accept residence in Tennessee, but that he chose to do so. The presence of the deceased in Tennessee under such conditions, even given his military status, would probably not be within the meaning of compulsion contemplated by section 17. *See* Restatement (Second) Conflict of Laws 17, comment d (1969).

Moreover, there are considerable further grounds for disagreement among the parties concerning the validity of Pennsylvania as the deceased's domicile. On certain forms filed with the Federal Aviation Administration, he listed his father's New York address as his permanent address.

■ Despite the doubts regarding the deceased's domicile, I have concluded that Pennsylvania law should govern this lawsuit. As the parties have shown in their briefs on this subject, the principal differences between the law of Tennessee and that of Pennsylvania is that Pennsylvania law is more favorable to claims by consumer-plaintiffs than is Tennessee's. This embodies a policy choice on the part of Pennsylvania courts favoring protection of citizen plaintiffs at the expense of resident businesses. Tennessee has struck the balance somewhat differently, and has enhanced the protection of its resident businesses at the expense of resident consumer-plaintiffs. Under the analysis mandated by Pennsylvania choice of law rules, I must determine which, if any, of the contacts between this action and Pennsylvania and Tennessee further or abrogate these policies.

Plaintiff is a domiciliary of Pennsylvania. Pennsylvania law and the policy it embodies tends to favor the protection of resident plaintiffs over resident defendants. Plaintiff has no connection with the state of Tennessee. Neither of the defendant man-

ufacturers in Stevens's underlying suit are Tennessee corporations or businesses. Therefore, the policy underlying Tennessee law (the protection of Tennessee businesses) is not implicated at all by the choice of Pennsylvania law. On the other hand, Pennsylvania policy would be abrogated if one of its citizens would be forced to litigate this suit under laws less favorable to plaintiffs than those found in Pennsylvania. The Commonwealth of Pennsylvania has also shown its interest in preserving the rights of survivors, and its interests in wrongful death cases by enacting statutes dealing with the subject. These actions demonstrate that Pennsylvania, has a strong interest in suits brought for wrongful death where the beneficiaries are Pennsylvania citizens. *See Kiehn v. Elkem-Spigerverket A/S Kemi-Metal,* 585 F.Supp. 413 (M.D.Pa.1984); *Griffith,* 203 A.2d at 807.

Tennessee by contrast has no strong interest in the underlying lawsuit. Its laws should not be construed as embodying a policy favoring out of state businesses over out of state consumers. Without such a construction, Tennessee's interests are neither advanced nor retarded by the application of its laws, or alternatively by the application of Pennsylvania's laws, to the underlying lawsuit. On the other hand, Pennsylvania's interests will be significantly harmed by the application of Tennessee law rather than Pennsylvania law. I conclude therefore that Pennsylvania has more significant contacts with this action than does Tennessee.

[redacted] Unfortunately, this conclusion does not fully resolve the problem. There is also a third-party action brought by Vires against defendants Cessna and Teledyne for property damage. Clearly, Tennessee has a strong interest in the application of its laws to the claims of one of its own citizens. Nonetheless, I conclude that Pennsylvania law should also apply to this claim.

As I have stated before, Tennessee law strikes a balance between the interests of plaintiffs and defendant-manufacturers that is more favorable to the latter than that struck by the laws of Pennsylvania. Thus the application of Pennsylvania laws in the third-party action would in fact be more favorable to Vires's claims than would the application of the laws of his home state. The balance struck by Tennessee law expresses a policy reconciling the competing interests of two groups of its own citizens. It should not be read as demonstrating a preference for non-resident businesses over resident consumers. Therefore, the application of Pennsylvania law to the third-party claim of Vires would not abrogate Tennessee policy, but would instead further Tennessee's legitimate interest in protecting its citizens. Likewise, the application of Pennsylvania law neither furthers nor abrogates Pennsylvania's policies. Pennsylvania must be considered completely neutral regarding the application of its laws to three non-citizens.

The application of Pennsylvania law to the third-party action would also, of course, simplify the trial of the entire case and would lessen the chance of confusion of the fact-finder. This would, in turn, result in a more certain result to this litigation. Because I consider this to be an important concern in a case as complex as the instant case, and because I conclude that neither Pennsylvania nor Tennessee has more significant contacts to the third-party claim, I conclude that Pennsylvania law will apply to that claim also.