990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FLORIDA SOFTWARE SERVICES, Plaintiff-counter-defendant-Appellant,
v.
LA JOLLA BANK & TRUST COMPANY, Defendant-counter-claimant-Appellee.
 No. 91-56085.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided March 30, 1993.
 
 Before BEEZER, BRUNETTI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Florida Software Services ("FSS") challenges the district court's award of summary judgment and reasonable attorney's fees to Security Pacific National Bank ("Security Pacific"). Specifically, FSS alleges that the district court erred in admitting the cover letter to explain the meaning of the licensing agreements in violation of the parol evidence rule and that it further erred by applying California law, not Florida law, in awarding attorney's fees. We affirm the district court's order.
 
 
 3
 Consideration of the cover letter would not violate the parol evidence rule because it was a separate contract and was enforceable along with the licensing agreements. Under Florida law, a cover letter can be considered part of the parties' agreement concerning the purchase terms. Brown v. Financial Services Corporation, International, 489 F.2d 144, 149 (5th Cir.1974, citing Florida law).
 
 
 4
 Here, the cover letter clearly establishes that its purpose was to assure La Jolla that if La Jolla signed the attached agreements, FSS would not interfere with a purchase of La Jolla by another financial institution, and that there would be no additional fee as long as the software was used at La Jolla. In short, the existence of the cover letter and the circumstances surrounding the execution of the licensing agreements negate the conclusion that the licensing agreements were intended by the parties as the final memorial of their understanding. The cover letter was part of the parties' agreement concerning the terms of the licensing agreements.
 
 
 5
 Under the wording of the letter, Security Pacific was allowed to use the software at La Jolla. Security Pacific did not seek, nor did it transfer the FSS software into its system. Since there was no transfer of the FSS software, no transfer fee could be requested, and Security Pacific could continue to use the software at La Jolla to transfer La Jolla banking transaction data into the Security Pacific data processing system for no fee without breaching the agreement.
 
 
 6
 Security Pacific argues that this court must apply California law to the issue of attorney's fees since a federal court exercising diversity jurisdiction must apply the choice of law rules of court of the state where the federal court sits. Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487 (1941), cert. denied, 316 U.S. 685 (1942). Under California's choice of law rule, the contractual choice of law provision will be respected unless: 1) the chosen state has no substantial relations to the parties or the transaction or 2) application of the law would be contrary to a fundamental policy of the state. Sarlot-Kantarjian v. First Pennsylvania Mortgage & Trust, 599 F.2d 915, 917 (9th Cir.1979).
 
 
 7
 In California, a court is not bound by a contract's choice of law provision if strong public policy requires the application of California law. Haisten v. Grass Valley Medical Reimbursement, 784 F.2d 1392, 1402-03 (9th Cir.1986); Mundy v. Household Finance Corp., 885 F.2d 542, 544 (9th Cir.1989) (generally California courts respect choice of law provisions in a contract unless doing so would violate a strong public policy). Protecting California residents from being in a disadvantageous contractual bargaining position or from the oppressive use of one-sided contractual provisions for the recovery of attorney's fees constitutes sufficient interest to apply California law. Coast Bank v. Holmes, 19 Cal.App.3d 581, 596-597 (1971).
 
 
 8
 The district court did not err in applying California Civil Code § 1717 and awarding attorney's fees to Security Pacific.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3