Mark A. **ADAMS** and Heather Adams, Plaintiffs

v.

Morris D. **RUBIN** and Home Insurance Company, Defendants.

No. 97–6–B.

United States District Court, D. Maine.

May 19, 1997.

---

Gerald F. Rath, Victor H. Polk, Bingham, Dana & Gould, Boston, MA, for plaintiffs.

Jonathan S. Piper, Robert O. Newton, Elizabeth J. Wyman, Preti, Flaherty, Beliveau & Pachios, Portland, ME, for Home Ins.

Peter J. DeTroy, III, Terry A. Fralich, Norman, Hanson & DeTroy, Portland, ME, for Morris D. Rubin.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Defendant Home Insurance Company ("Home") moves the Court to be dismissed from Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs allege that Home, Defendant Morris D. Rubin's legal malpractice insurance carrier, engaged in unfair and deceptive trade practices upon being notified that Plaintiffs were pursuing a malpractice action against attorney Rubin. Home argues that Maine law applies to Plaintiffs' claim against it and that Maine law does not permit a third-party action against an insurance company for improper handling. Plaintiffs assert that Massachusetts law applies to their claim against Home and that Massachusetts law permits them to pursue their present action. For the reasons set forth below, the Court is persuaded that Plaintiffs' choice of law analysis is correct and denies Home's Motion to Dismiss.

### I. Background

Plaintiffs, residents of Massachusetts, contend that Rubin, an attorney licensed to practice in the State of Maine, negligently represented them in dealings concerning the purchase of a house in Bangor, Maine. Home, a New York corporation with a principal place of business in New York, is Rubin's malpractice insurer. Plaintiffs argue that upon notification of a possible malpractice claim under Rubin's insurance policy, Home, through its counsel in Maine, engaged in unfair and deceptive trade practices designed to obstruct the resolution of Plaintiff's claim against Rubin.

Maine law does not permit anyone other than an insured to commence an action against an insurance carrier for improper handling. *See Linscott v. State Farm Mut.*

*Auto. Ins. Co.,* 368 A.2d 1161, 1163 (Me.1977) ("A 'duty of good faith and fair dealing' in the handling of claims runs only to an insurance company's insured...."). In Massachusetts, however, a third-party claimant not a party to an insurance contract may bring an action against the insurance company for improper claim settlement practices. *See* Mass. Gen. Laws Ch. 93A, § 9; *see also Clegg v. Butler,* 424 Mass. 413, 676 N.E.2d 1134, 1139 (1997) ("The text of ... 93A ... and our interpretation in *Van Dyke [v. St. Paul Fire & Marine Ins. Co.,* 388 Mass. 671, 448 N.E.2d 357 (1983),]* are both clear affirmations of third-party rights, and we cannot accept [the insurance company's] argument that only insureds are owed a duty of fair dealing when it comes to an insurer's settlement practices."). Consequently, the outcome of the Court's choice of law analysis is determinative of Home's Motion to Dismiss: Application of Maine law necessarily requires dismissal of Plaintiffs' claim against Home, while application of Massachusetts law permits Plaintiffs to pursue their claim against Home.

## II. Choice of Law

■ A federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state. *See Hanlin Group, Inc. v. International Minerals & Chem. Corp.,* 759 F.Supp. 925, 929 n. 3 (D.Me.1990) (citing *Klaxon Co. v. Stentor Elec. Mfg., Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941)). The Court, therefore, will apply Maine's choice of law rules to Plaintiff's claim against Home.

■ Contrary to Home's arguments, the Court is persuaded that Plaintiffs' claim against Home is grounded in tort law for choice of law purposes. The First Circuit

has held that "when a chapter 93A claim and the requested remedy are highly analogous to a tort claim and remedy, the chapter 93A claim should be considered as a tort for choice-of-law purposes." *Crellin Techs., Inc. v. Equipmentlease Corp.,* 18 F.3d 1, 11 (1st Cir.1994). Here, Plaintiffs' claim resembles the tort of bad faith. Plaintiffs also request multiple damages and attorneys' fees, which the court in *Crellin* found to be tort-like remedies.[1] Accordingly, the Court will apply Maine's choice of law rules for tort claims to the present action.

■ The Maine Law Court has cited with approval and applied the provisions of the Second Restatement of Conflicts for choice of law determinations in tort cases. *See Adams v. Buffalo Forge Co.,* 443 A.2d 932, 934 (Me.1982). The state that has the more significant contacts and the more substantial relationships to the occurrence and the parties should enjoy the application of its laws. Restatement (Second) of Conflicts § 145 (1971). Factors for a court to consider are: "a) the place where the injury occurred, b) the place where the conduct causing the injury occurred, c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and d) the place where the relationship, if any, between the parties is centered." *Id.* The Court is satisfied that Massachusetts has more significant contacts to Plaintiffs' claim against Home than does Maine, and, therefore, Massachusetts law should apply.

Plaintiffs are residents of Massachusetts. Their alleged injury, being subjected to the unfair claim settlement practices of Home, naturally occurred in Massachusetts. Home is a New York Corporation with a principal place of business in New York. To be sure, it is Home's counsel in Maine who allegedly

---

1. *See Crellin Techs., Inc. v. Equipmentlease Corp.,* 18 F.3d 1, 12 (1st Cir.1994). It is worth noting that the First Circuit found a plaintiff's chapter 93A claims to be contractual in nature for choice of law purposes in *Northeast Data Sys. Inc. v. McDonnell Douglas Computer Sys. Co.,* 986 F.2d 607 (1st Cir.1993). The court held that the claims were sufficiently analogous to a breach of contract claim. Nevertheless, the court's opinion was predicated on the fact that the plaintiff's claims against the defendant were entirely related to provisions of a contract entered into by

both parties. The court stated, "The contract violations are essential elements of the [plaintiff's] 93A claims." *Id.* at 609. Plaintiffs' claim against Home, however, is not dependent on any alleged breach of contract, indeed, Plaintiffs were not even parties to a contract with Home. Plaintiffs' claim against Home, instead, is based on Home's alleged failure to proceed with settlement of Plaintiffs' claim against attorney Rubin in a fair and effective manner. Such a claim clearly sounds in tort, and not contract, law.

engaged in unfair claim settlement practices and Plaintiffs' claim against Home is derivative of its claim against Rubin, a Maine lawyer, for legal malpractice during the purchase of a house in Maine. Nevertheless, what is at issue here is the manner in which a New York insurance company proceeded with settlement of a claim made by Massachusetts residents. Massachusetts protects its citizens from unfair claim settlement practices by insurance companies. *See* Mass. Gen. Laws Ch. 93A, § 9; *see also Clegg v. Butler,* 424 Mass. 413, 676 N.E.2d 1134, 1139 (1997). Home contends that the Court should disregard Massachusetts law here because it is contrary to the established law in Maine that a third-party may not sue an insurance company for improper claim handling. While it is true that application of Massachusetts law here would be contrary to established Maine law, what is determinative for the Court is the fact that Maine cannot express a substantial relationship to the parties or establish that it has more significant contacts to Plaintiffs' claim against Home than does Massachusetts.

Home cites the Maine Law Court's decision in *Beaulieu v. Beaulieu,* 265 A.2d 610 (Me.1970), for support of its position that Maine law should apply to Plaintiffs' claim. Home's reliance on *Beaulieu* is misplaced. At issue in *Beaulieu* was whether Maine law or Massachusetts law should apply to a passenger's right of action against a driver for injuries suffered in an accident. The court held that Maine law should apply to plaintiff's claim. The court stated that

> we readily observe that Maine's contacts are quantitatively and qualitatively greater and her governmental interest is of major significance, while Massachusetts contacts are merely fortuitous in that the accident happened there and her concerns, if any, are minimal. The present action involves injuries sustained by a Maine guest as the result of the negligence of a Maine host in the operation of an automobile undoubtedly garaged, licensed and covered, if insured, by a policy issued in Maine for operation in Maine and the sister states, in

the course of a temporary journey which began and was to end in Maine. Massachusetts' sole relationship with the occurrence is the purely adventitious circumstance that the accident occurred there.

*Id.* at 616. The facts alleged in Plaintiffs' claim against Home are clearly distinguishable from the facts in *Beaulieu.* Neither Plaintiffs nor Home is a resident of Maine. Although Rubin, Home's insured, resides in Maine, he is only tangentially involved in Plaintiffs' claim against Home. Plaintiffs' claim against Home is, of course, derivative of its claim against Rubin; in other words, if Plaintiffs had not alleged that Rubin committed legal malpractice, they never would have filed a claim against Home. Nevertheless, Plaintiffs' allegation against Home, to wit, that it engaged in unfair claim settlement practices, does not directly involve Rubin. Therefore, the fact that Rubin is a Maine resident does not have a significant impact on the Court's choice of law analysis regarding the claim against Home.

### III. Conclusion

Maine does not have a significant interest in seeing its laws applied to Plaintiffs' claim against Home. Massachusetts protects its citizens from unfair claim settlement practices by an insurer against a third-party. Plaintiffs are Massachusetts residents. Home is a New York corporation. The Court is persuaded that Massachusetts law should apply to Plaintiffs' claim against Home. Accordingly, the Court denies Home's Motion to Dismiss.[2]

*SO ORDERED.*

---

**2.** Home indicated in its Reply Memorandum that if the Court denied Home's Motion, the Court should sever Home from Plaintiffs' action against Rubin. The Court will not address this issue until it is presented to the Court by way of appropriate motion.