**RICHMOND CAPITAL CORP.**

v.

**FEDERAL EXPRESS CORP.**

No. CivA 96–7590–B–M3.

United States District Court,
M.D. Louisiana.

June 22, 1999.

William Steven Mannear, Poynter, Mannear & Colomb, Baton Rouge, LA, for Richmond Capital Corporation, plaintiff.

Michael H. Rubin, Robin W. Bueche, Roger Frank Sagal, McGlinchey Stafford Lang, Baton Rouge, LA, Dwayne S. Byrd, Federal Express Corporation, Memphis, TN, for Federal Express, defendant.

**RULING**

POLOZOLA, Chief Judge.

The Court must determine when interest runs on the judgment rendered by the Court. The basis for subject matter jurisdiction in this case is diversity. Thus, the pertinent cases for resolving this issue are *Travelers Insurance Co. v. Liljeberg Enterprises, Inc.,*[1] and *Federal Deposit Insurance Corp. v. Fidelity and Deposit Co. of Maryland.*[2]

These cases state that in a diversity action state law governs the issue of prejudgment interest, whereas the federal statute, 28 U.S.C. § 1961, governs the issue of *postjudgment* interest on money judgments awarded in federal court, including those awarded in diversity actions.

Addressing *postjudgment* interest first, 28 U.S.C. § 1961(a) states that postjudgment interest shall be calculated from the date of the entry of the judgment, using the rate listed on the table issued by the Director of the Administrative Office of the United States Courts. Under the above cases, this interest covers the period from date of entry of the judgment to the date the judgment is paid, and is computed

---

1. 7 F.3d 1203 (5th Cir.1993).

2. 827 F.Supp. 385 (M.D.La.1993).

on the entire amount of the final judgment, *including any prejudgment interest.*

■ Thus, the Court must now determine if plaintiff is entitled to *prejudgment* interest and, if so, at what rate. Under the above cases, state law governs this issue; of course, the question is which state's law applies, given the numerous states with "contacts" with this matter. A federal court sitting in diversity applies the conflict-of-laws rules of the state in which it sits.[3] Applying Louisiana conflict-of-laws rules to the facts of this case, the Court finds that the law of Tennessee applies.[4]

■ Under Tennessee law, prejudgment interest in a breach-of-contract case is governed by Tennessee Code Annotated Section 47–14–123 which provides that prejudgment interest "may be awarded" by a court "in accordance with the principles of equity."[5] In interpreting this provision, the Tennessee Supreme Court has held that the awarding of prejudgment interest is within the sound discretion of the trial court, and such decision will not be disturbed by an appellate court unless the trial court abused its discretion.[6] Furthermore, the Tennessee Supreme Court has held that in making its decision, the trial court must decide whether the award is fair given the particular circumstances of the case, keeping in mind that the purpose of prejudgment interest is not to penalize the defendant, but to fully compensate the plaintiff for the loss of the use of its funds.[7]

Thus, the Court finds that plaintiff is entitled to prejudgment interest in this case. The parties shall compute prejudgment interest in accordance with Tennessee Code Annotated Section 47–14–103, which directs the parties to compute interest using the "applicable formula rate"[8], defined at Section 47–14–102, and proceed to compute interest from the date the debt was "payable"[9], in accordance with Section 47–14–109(c). The Court also finds that plaintiff is entitled to postjudgment interest which shall be calculated in accordance with 28 U.S.C. § 1961. The parties shall submit a proposed judgment to the Court within 15 days on this and the Court's decision on the merits which shall be approved as to form by all parties.

IT IS SO ORDERED.

---

**3.** *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); see also *Sorrels Steel Co., Inc. v. Great Southwest Corp.,* 906 F.2d 158, 167 (5th Cir. 1990).

**4.** *See* La.Civ.Code art. 3540 (1994); *see also* La.Civ.Code art. 3515 (1994).

**5.** Tenn.Code Ann. § 47–14–123 (1998).

**6.** *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn.1998).

**7.** *Alexander v. Inman,* 974 S.W.2d 689, 697–98 (Tenn.1998).

**8.** Tenn.Code Ann. § 47–14–103 (1998).

**9.** Tenn.Code Ann. § 47–14–109(c) (1998).