Juliet SCOTT and Keith Basil James Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY, Defendant.

No. 98CV5047(SJ).

United States District Court, E.D. New York.

March 15, 2000.

The Bostany Law Firm, New York City, by John P. Bostany, or Plaintiff.

1. In Count One, plaintiffs asks this Court to compel USAA to pay the judgment pursuant to N.J.S.A. 39:6–48(a).

2. Count Three asks this Court for a declaratory judgment pursuant to 28 U.S.C. § 2201 that USAA is required to indemnify and cover Jesus DeManuel for damages arising from the instant lawsuit

Robert M. Spadaro, New York City, for defendant.

## MEMORANDUM & ORDER

JOHNSON, District Judge.

Juliet Scott and Keith Basil James ("plaintiffs") bring this action for damages and declaratory judgment to determine insurance coverage under a policy issued by USAA Casualty Insurance Company ("USAA" or "defendant"), following entry of a default judgment against a policyholder. Presently before the Court are the parties' motions and cross-motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). For the reasons stated below, this Court grants summary judgment for the plaintiff on Counts One [1] and Three,[2] and grants judgment as a matter of law for the defendant on Count Two.[3]

## BACKGROUND

This diversity action arises from a personal injury suit filed after an automobile accident on September 17, 1994. Jesus DeManuel's car hit that of Keith Basil James and Juliet Scott ("plaintiffs") and they sustained injuries as a result. At the time of the accident, DeManuel held automobile insurance through USAA. DeManuel had a 100/300 policy: in the event a claimant's coverage was triggered, the insurance company would pay up to $100,000 per injured person, the total not to exceed $300,000.

On October 14, 1996, plaintiffs commenced a federal diversity action in tort in United States District Court for the District of New Jersey by serving a summons and complaint on DeManuel. Plaintiffs sought damages of $213,803.06 and $26,-

3. Count Two asks for punitive damages in the amount of $10,000,000.00 for bad faith, fraudulent, deceitful, malicious, reckless, outrageous, knowing and intentional wrongful refusal to pay insurance benefits on behalf of Mr. DeManuel.

712.87 respectively. USAA was the insurer in the New Jersey action. USAA was notified at the time of the accident; defendant investigated the circumstances of the accident and their potential liability.

Nonetheless, defendant did not receive notice of the actual lawsuit until the June 27, 1997 letter of plaintiffs' counsel (received July 2, 1997), to which a copy of the summons and complaint was attached. Once aware of the underlying action, USAA chose not to respond to the claims. Judgment was entered against DeManuel on September 12, 1997, after a bench trial before Judge John C. Lifland. Plaintiffs were awarded a total of $240,015.93 plus interest, costs, and fees allowed by law. On November 5, 1997, Judge Lifland denied defendant's motion to vacate the default judgment.

In this case, plaintiffs ask this Court for a judgment that USAA, DeManuel's insurer, must indemnify and cover claims against him as a result of the September 1994 automobile accident. Plaintiffs also seek punitive damages for bad faith dealings in withholding payments in this case. USAA disputes this claim, alleging that DeManuel's failure to provide timely notice of the commencement of the underlying action affords grounds for USAA to deny coverage under the policy.[4]

## DISCUSSION

### Choice of Law

■ Since this is a diversity action, this Court must decide which state's substantive law governs the case before addressing the claims presented by the parties. A federal court must apply the choice of law rules of the state in which it sits to determine which state's substantive law applies. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). New York law requires courts to apply the law of the jurisdiction having "the most significant contacts with the matter in dispute." *Auten v. Auten*, 308 N.Y. 155, 124 N.E.2d 99, 101 (1954). *In Matter of Arbitration between Allstate and Stolarz*, 81 N.Y.2d 219, 597 N.Y.S.2d 904, 613 N.E.2d 936 (1993).[5]

In this case, the policyholder was a resident of New Jersey and he was insured by USAA for an accident that occurred in New Jersey. This Court finds that New Jersey substantive law properly governs this case.

### Summary Judgment

#### A. Standard of Review

Under Fed.R.Civ.P. 56(c), a court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In a ruling on a motion for summary judgement, a trial court must be limited to "discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Chase Manhattan Bank, N.A. v. T&N plc*, 905 F.Supp. 107, 111 (S.D.N.Y. 1995) (quoting *Gallo v. Prudential Residential Servs. Ltd. Partnership*, 22 F.3d

---

**4.** In support of this, USAA cites Part E (Duties After an Accident or Loss) of the policy, which says:

A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement, or defense of any claim or suit.
2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

Def. Rule 56.1 Stmt. at ¶ 10.

**5.** In examining choice of law questions involving insurance contracts, New York courts

consider the following factors: the location of the insured risk; the insured's principal place of business; the place where the policy was issued and delivered; the location of the broker or agent placing the policy; the place where the premiums were paid; and the insurer's place of business. *Olin Corp. v. Insurance Co. of North America*, 743 F.Supp. 1044,-1049 (S.D.N.Y.1990). *See also Amerisure Ins. Co. v. Laserage Tech. Corp.*, 2 F.Supp.2d 296, 302 (W.D.N.Y.1998).

1219, 1224 (2d Cir.1994)). In determining whether there is enough evidence presented so that a reasonable jury could return a verdict for the non-moving party, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the moving party has met its burden demonstrating that there is no genuine issue of material fact to be tried, the burden shifts to the non-moving party to present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Chase Manhattan Bank*, 905 F.Supp. at 112. Mere conclusory allegations will not suffice. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

## B. Plaintiffs' Motion for Summary Judgment on Counts One and Three

■ Having received late notice of the underlying action, USAA contends that it should be allowed to deny coverage to Jesus DeManuel, thereby evading satisfaction of the default judgment entered against DeManuel that plaintiffs would enforce in this case. It is not unusual for insurance contracts to contain clauses requiring policyholders to provide prompt notice of any occurrence that gives rise to coverage under the policy. However, New Jersey law requires insurance companies to demonstrate actual prejudice before they may avoid the insurance contract. *Pfizer, Inc. v. Employers Insurance of Wausau, et al.*, 154 N.J. 187, 712 A.2d 634 (1998). New Jersey public policy seeks to protect the interests of policyholders, recognizing that insurance contracts are contracts of adhesion. *Id.; see also Cooper v. Government Employees Ins. Co.*, 51 N.J. 86, 94, 237 A.2d 870 (1968). Thus, an insurance company may not deny coverage unless it may demonstrate actual prejudice to its rights resulting from untimely notice.

■ It is clear in this case that defendant cannot demonstrate actual prejudice. USAA was investigating this claim for several years before the underlying action was filed; the insurance company became aware of the actual accident and its potential liability well before the underlying action was commenced.

At the latest, USAA learned of the actual lawsuit more than two months before the entry of a default judgment in the case. Had USAA desired involvement in the case, it had ample time to approach the court. USAA claims it did not answer because it was waiting for a copy of the affidavit of service from counsel. However, as Judge Lifland noted, public access to federal court documents insures that any representative of USAA could have gone to the Clerk's office in the courthouse and made a copy of the document from the court file. Judge Lifland declined to vacate the default judgment, but this was not prejudicial to USAA's rights either: USAA was aware of the accident and the underlying action in sufficient time to have prevented entry of a default judgment. Defendant cannot prevail on a claim of prejudice where that prejudice originates from the tactical decisions of the defendant.

This Court finds that judgment for the plaintiff as a matter of law on Counts One and Three is appropriate at this time. Plaintiffs' recovery shall be limited to the provisions of the policy. Therefore, each plaintiff may recover from USAA the amount of the default judgment, not to exceed $100,000 per plaintiff, plus interest, costs and fees as available under the law.

## C. Defendant's Motion for Summary Judgment on Count Two

Plaintiffs asks this Court to impose $10,000,000.00 in punitive damages for "defendant USAA's bad faith, fraudulent, deceitful, malicious, reckless, outrageous, knowing, and intentional wrongful refusal to to pay insurance benefits on behalf of Mr. DeManuel and to defend Mr. DeMan-

uel [in the underlying action.]" Complaint at ¶ 28.

 Because traditionally there was no recovery of punitive damages in contract, a plaintiff must demonstrate wanton recklessness or maliciousness—something more than a breach of the good faith obligation—to sustain an argument for punitive damages. Circumstances must be egregious to warrant punitive damages.

This Court recognizes that New Jersey may be following a trend toward allowing punitive damages more easily in contract actions, "at least where there is some form of special relationship existing between the parties." *Kocse v. Liberty Mut. Ins. Co.,* 152 N.J.Super. 371, 377 A.2d 1234 (1977). The *Kosce* court stated: "Such relationships surely would include the fiduciary relationship which has been held to exist between an insurer and its insured." *Id.* at 1238. Even without a fiduciary relationship, punitive damages may be appropriate where the case involved sufficiently egregious circumstances. *Kocse,* 377 A.2d at 1237–39.

 In support of their claim, plaintiffs cite defendant's refusal to participate in a proof hearing on the issue of damages in the underlying case, USAA's refusal to answer the summons and complaint, even once aware of the underlying action, and bad faith which caused a default judgment to be entered against DeManuel, and other claims.

 Defendants in this case claim plaintiffs may not maintain a claim for punitive damages since they are not in privity of contract with defendant. Barring a fiduciary duty, defendants claim, plaintiffs may not recover on the bad faith claims asserted in Count Two. The Court finds that this argument has merit. *Cf. Milcarek v. Nationwide Insurance Company,* 190 N.J.Super. 358, 463 A.2d 950, 953–54 (where automotive policy held by plaintiff's parents, no fiduciary duty for purposes of special exception allowing punitive damages in contract). Moreover, even if this Court were to find that the relationship between the parties was such that plaintiffs could maintain the bad faith claims, the incidents underlying this litigation do not support an award of punitive damages. Defendant's conduct in this case, although troubling, is not so egregious as to support an award of punitive damages.

The Court grants defendant's motion for summary judgment on Count Two of the complaint.

### CONCLUSION

For the foregoing reasons, summary judgment is granted for the plaintiffs on Counts One and Three. Summary judgment is granted for the defendant on Count Two.

SO ORDERED.