Judy DIBATTISTO, Plaintiff-counter-defendant,

and

Micro Bio–Medics, Inc., Plaintiff-counter-defendant—Appellant,

v.

PSS WORLD MEDICAL, INC., Defendant-counter-claimant—Appellee.

Judy Dibattisto, Plaintiff-counter-defendant—Appellant,

and

Micro Bio–Medics, Inc., Plaintiff-counter-defendant,

v.

PSS World Medical, Inc., Defendant-counter-claimant—Appellee.

Nos. 04–15379, 04–15431.
D.C. No. CV–03–00998–RCJ/RJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 12, 2004.

Darci M. Poloni, Hale Lane Peek Dennison & Howard, Las Vegas, NV, for Plain-

---

tiff–Counter–Defendant and Plaintiff–Counter–Defendant–Appellant.

Paul R. Hejmanowski, Lionel, Sawyer & Collins, Abraham Y. Skoff, Moses & Singer, New York, NY, for Plaintiff–Counter–Defendant–Appellant and Plaintiff–Counter–Defendant.

David N. Frederick, Lionel, Sawyer & Collins, Las Vegas, NV, Donald R. Gilbert, Fennemore Craig, P.C., Phoenix, AZ, for Defendant–Counter–Claimant–Appellee.

Before MESKILL, TROTT, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Judy DiBattisto and Micro–Bio Medics, Inc. seek reversal of the district court's preliminary injunction. We review both the issuance and scope of a preliminary injunction for abuse of discretion. *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 823 (9th Cir.2002).

The employment agreement signed by DiBattisto is governed by Florida law. Because federal district courts sitting in diversity apply the choice of law rules of the state in which they sit, Nevada's choice of law rules apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under the rule set out by the Nevada Supreme Court in *Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mortgage Investors*, 95 Nev. 811, 603 P.2d 270, 273 (1979), Nevada would honor the choice of Florida law contained in the agreement.

The district court's determination that DiBattisto's employment in Nevada was covered by the agreement was not an abuse of discretion. It correctly concluded the geographic restriction in the agreement applied to the territory in which DiBattisto had worked during the 12–month period preceding the termination of her employment.

The district court properly identified one of the alternative standards for granting a preliminary injunction when it inquired whether PSS World Medical, Inc. would probably succeed on the merits of its claims and whether it faced the possibility of irreparable harm. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir.2000). The court's application of this standard to the facts at hand was not an abuse of discretion. We further note that the Florida statute, Fla. Stat. § 542.33(2)(a), provides, at a minimum, one of the bases for the conclusion of the possibility of irreparable harm.

Finally, the scope of the injunction is not overly broad. The order issued by the district court is clear, comprehensible, and coextensive with the scope of the agreement.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.