

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2007

# Barbey v. Unisys Corporation

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2849

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Barbey v. Unisys Corporation" (2007). *2007 Decisions.* Paper 171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2849

_____

BERTRAND BARBEY; AMIT THAKUR,

Appellants

v.

UNISYS CORPORATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 05-cv-01323)
District Judge: Hon. Legrome D. Davis

_____

Submitted under Third Circuit LAR 34.1(a)
on September 24, 2007

Before:  AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 30, 2007)

_____

O P I N I O N

_____

**ROTH,** <u>Circuit Judge</u>:

Bertrand Barbey and Amit Thakur appeal the dismissal of their suit for a failure to state a claim pursuant to Rule 12(b)(6). Barbey and Thakur are Swiss nationals who were terminated by their Swiss employer, Unisys Schweiz A.G. (Schweiz), in February of 2004 (Barbey) and November of 2003 (Thakur). On March 22, 2005, they brought suit against Unisys Corp. (Unisys), the parent company of Schweiz, for intentional interference with contractual relations and wrongful termination in violation of Pennsylvania public policy. Unisys moved to dismiss. The motion was denied, and Unisys moved for reconsideration. The District Court granted the motion for reconsideration, holding that the choice-of-law rules of Pennsylvania require that this case be decided under Swiss law and that Swiss law does not allow recovery. For the reasons discussed below, we will affirm.

Because we write primarily for the parties, we omit any discussion of facts not relevant to our decision. Barbey and Thakur contend that Unisys directed Schweiz to terminate them because they threatened to expose fraud committed by Unisys and Schweiz. Barbey and Thakur have filed a wrongful termination claim in Switzerland, as well as the instant suit.

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), and we have jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

The District Court dismissed the case for failure to state a claim under Rule 12(b)(6). We review such a dismissal de novo. *Merle v. U.S.*, 351 F.3d 92, 94 (3d Cir. 2003). In

evaluating the propriety of the dismissal, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiffs, and determine whether, under any reasonable reading of the complaint, the plaintiffs may be entitled to relief. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 (3d Cir.2002). Nonetheless, we need not credit plaintiffs' bald assertions or legal conclusions when deciding a motion to dismiss. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

The central issue here is whether to apply Swiss law or Pennsylvania law to this dispute. As this is a diversity case, we must apply the law of the forum state, including its choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Pennsylvania choice-of-law requires that we first decide whether a true conflict exists; if a true conflict does exist, we must then apply the law of the jurisdiction that has the most significant interest in the case. *Cipolla v. Shaposka*, 439 Pa. 563, 565-66 (1970).

A true conflict exists when both jurisdictions have interests that will be impaired if the other state's law is applied. *Id*. Here there is a true conflict, as Switzerland has an interest in ordering its economic relationships, while Pennsylvania has an interest in preventing fraud by Pennsylvania companies. Accordingly, we must proceed to the next step in the conflicts analysis.

We conclude that Switzerland has a stronger interest in this proceeding. Switzerland has a strong interest in the laws governing commerce within Switzerland and has arranged its laws to encourage foreign investment by shielding foreign parent companies from

3

liability. By contrast, Pennsylvania's interest in preventing fraud is quite attenuated here, as the only harm is felt in Switzerland by Swiss citizens previously employed by a Swiss company.[1]

Accordingly, the law of Switzerland must be applied. As Swiss law forbids recovery against Unisys,[2] we will affirm the judgment of the District Court.

---

[1]Barbey and Thakur contend that application of Pennsylvania law is necessary in this case in order to deter fraud. Such fraud is amply deterred by applying Pennsylvania law to cases involving fraud against Pennsylvania citizens.

[2]We base our interpretation of Swiss law on the Chanson affidavit, a statement of the law of Switzerland that was accepted by the District Court as accurate and that is not contested by the parties. Fed R. Civ. P. 44.1.