**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 08-1931**

───────────────

NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,

　　　　　Plaintiff - Appellee,

　　　v.

GRACE M. HOH,

　　　　　Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:07-cv-01693-CMC)

───────────────

Submitted:  April 28, 2009　　　　Decided:  June 18, 2009

───────────────

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

S. Jahue Moore, Sr., William H. Edwards, MOORE, TAYLOR & THOMAS, PA, West Columbia, South Carolina, for Appellant.  David F. Schmidt, CHITTENDEN, MURDAY & NOVOTNY, LLC, Chicago, Illinois, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grace Hoh appeals the district court's grant of summary judgment to North American Company for Life and Health Insurance ("North American") on its action seeking a declaration that a life insurance policy issued to Hoh's husband, William Hoh, was void or unenforceable. Hoh contends that the district court erred in granting summary judgment, as genuine issues of material fact exist as to when her husband accepted the policy and whether her husband was covered by the policy. Hoh also raises a claim of judicial bias on the part of the district court judge. We affirm.

We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

A federal court sitting in diversity must apply the choice of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). In South Carolina, all insurance contracts covering property, lives, or interests in South Carolina are to be interpreted by applying South Carolina substantive law. S.C. Code Ann. § 38-61-10 (2002);

2

*Sangamo Weston, Inc. v. National Sur. Corp.*, 414 S.E.2d 127, 130-31 (S.C. 1992). South Carolina courts employ general rules of contract construction when interpreting insurance policies. *See Century Indem. Co. v. Golden Hills Builders, Inc.*, 561 S.E.2d 355, 358 (S.C. 2002). Thus, courts will attach "plain, ordinary, and popular meaning" to policy language. *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999). "[I]nsurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition." *Id.* Though coverage exclusions found within an insurance policy are to be construed against the insurer, *see id.*, a court's duty "is limited to the interpretation of the contract made by the parties themselves regardless of its wisdom or folly, apparent unreasonableness, or [the parties'] failure to guard their rights carefully," *C.A.N. Enters., Inc. v. S. C. Health & Human Servs. Fin. Comm'n*, 373 S.E.2d 584, 587 (S.C. 1988) (internal quotation marks and citation omitted)

It is clear that North American imposed one such condition upon its life insurance obligations to the Hohs: that any policy issued as a result of the application submitted by William Hoh would not take effect "until the full first premium is paid and the contract is delivered to and accepted by the Owner during the lifetime of any person proposed for insurance

3

and *while such person is in the state of health described in all parts of this application*." (emphasis added). Thus, in order for William Hoh to be covered under the terms of the insurance contract, the contract must have been delivered to Hoh and accepted by him while he was in the same state of health described in the insurance application.

Though the Appellant contends that William Hoh was in the same "state of health" on April 15, 2006, when he accepted the policy, as he described in the application on February 3, 2006, this contention is belied by the record. When Hoh filled out his medical history on February 3, 2006, he indicated that he had never suffered from dizziness, shortness of breath, or chest pain. He also noted that he had never suffered from anemia or blood disorders. (J.A. 23). During his medical examination, blood was drawn, and no irregularities were noted.

However, on April 7, 2006, William Hoh visited a doctor complaining of chest pain, shortness of breath, and dizziness. Subsequent blood tests revealed an extremely low hemoglobin level, which doctors believed signified an underlying bone marrow disorder. From April 13 through April 14, 2006, Hoh underwent various cardiology tests and a bone marrow aspirate. As a result of these tests, Hoh was diagnosed with myelodysplastic syndrome on April 20, 2006. Therefore, it is clear that on April 14, 2006, the day before William Hoh

4

accepted the insurance policy, he was suffering from myelodysplastic syndrome, and his state of health had significantly changed from that described in the application.

Although Appellant argues that there is some question as to the date on which the policy was "delivered" to William Hoh, it is undisputed that William Hoh accepted the Policy on April 15, 2006, the day he completed and signed the amendment and Statement of Health. As the evidence is clear that William Hoh's health had significantly changed between February 3, 2006, and April 15, 2006, the contract, by its own terms, did not take effect upon Hoh's April 15, 2006 acceptance, by a failure of a condition precedent. Accordingly, we find Appellant's first issue to be without merit.

We review questions of judicial bias de novo. People Helpers Foundation, Inc. v. City of Richmond, Va., 12 F.3d 1321, 1325 (4th Cir. 1993). A judge must recuse herself in instances where "a person with knowledge of the relevant facts might reasonably question [her] impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). However, a judge need not recuse herself due to "unsupported . . . highly tenuous speculation." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) (internal quotation marks and citation omitted). Here, Appellant argues that the judge's daughter's prospective employment with one of the firms representing North American

5

provides a reasonable basis to question the judge's impartiality. However, we find that this is nothing more than the sort of "highly tenuous speculation" that fails to merit recusal. Therefore, this issue too is without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED