**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TECHNICAL SECURITY INTEGRATION, INC., a Washington corporation, | No. 15-35683 |
| | D.C. No. 3:14-cv-01895-SB |
| Plaintiff-Appellee, | |
| | MEMORANDUM[*] |
| v. | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, | |
| | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted November 9, 2017[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA and W. FLETCHER, Circuit Judges, and LASNIK,[***] District Judge.

This case concerns a coverage dispute between Technical Security Integration Inc. (TSI) and Philadelphia Indemnity Insurance Co. ("Philadelphia"). Philadelphia appeals from the district court's order denying its motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we affirm.

Philadelphia first challenges the district court's conclusion that Washington law governs this dispute. We review a district court's choice of law ruling de novo. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1072 (9th Cir. 2009). Because this suit was filed in the District of Oregon, we apply Oregon's choice of law rules in determining the controlling substantive law. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1161 (9th Cir. 2012).

The district court did not err in determining that Washington law governs this dispute. For contract disputes, Oregon has a multi-factor test for determining "the most appropriate" law in the absence of an effective choice of law provision. Or. Rev. Stat. § 15.360. These factors weigh in favor of applying Washington law. TSI, a Washington corporation, negotiated the contract using a Washington broker. Philadelphia sent policy declarations to TSI's Washington address. While the

_____

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

contract lacks a forum selection clause, it provides that arbitration will take place in Washington, and that the proceedings are governed by the local rules and procedures of Snohomish County, Washington. The Oregon rules also require courts to "identify[ ] the policies underlying any apparently conflicting laws" of the proposed forums, and to consider "the relative strength and pertinence of those policies." A Washington statute prohibits mandatory arbitration agreements in insurance contracts, while Oregon lacks any analogous provision. Wash. Rev. Code § 48.18.200(1)(b); *State Dep't of Transp. v. James River Ins. Co.*, 176 Wash. 2d 390, 400 (2013) (en banc).

Philadelphia next contends that the district court erred in denying its motion to compel arbitration after finding the arbitration clause invalid under Washington law. We review this question de novo. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). The district court did not err. Section 48.18.200(1)(b) of the Revised Code of Washington prohibits contracts that deprive Washington courts of "jurisdiction of action" against an insurer. In *James River*, the Washington Supreme Court interpreted the statute as prohibiting mandatory arbitration clauses in insurance contracts. 176 Wash. 2d at 400. Further, the McCarran-Ferguson Act shields § 48.18.200(1)(b)  from preemption by the Federal Arbitration Act. The McCarran-Ferguson Act provides that federal laws "shall not

3

be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance." 15 U.S.C. § 1012(b). Because § 48.18.200(1)(b) regulates "the business of insurance," it "reverse-preempts" the Federal Arbitration Act, rather than being preempted by it.

Philadelphia argues that the district court improperly deferred to the Washington Supreme Court's McCarran-Ferguson analysis in *James River*. We disagree. The district court conducted an independent McCarran-Ferguson analysis and accorded only persuasive authority to the Washington Supreme Court's reasoning. Philadelphia also argues that the reasoning of *James River* should not control where a plaintiff moves to compel arbitration in federal court, rather than in a state court, and that *James River* was incorrectly decided. However, we are bound by the Washington Supreme Court's rulings on Washington law issues. *Ticknor v. Choice Hotels, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001).

**AFFIRMED.**