**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1871
_____

CREDIT ONE BANK, N.A.

v.

ADAM LIEBERMAN; GENESE LIEBERMAN,
                                                            Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-21-cv-02923)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2023

Before:  JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed:  June 15, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellants Adam and Genese Lieberman appeal the District Court's orders confirming an arbitration award and imposing additional costs and attorney's fees. For the reasons detailed below, we will affirm the District Court's judgment in part, vacate in part, and remand for further proceedings.

The events leading to this appeal began when Adam filled out a credit card application/agreement in the name of his wife, Genese. While Adam mainly provided Genese's information, he supplied his own phone number and work address. Eventually, an unpaid balance on the card went into default, and the credit card company, Credit One, called Adam's phone number hundreds of times.

Pursuant to a clause in the agreement, Adam instituted arbitration, claiming that Credit One's calls violated the Telephone Consumer Protection Act (TCPA), which prohibits companies from using an automatic telephone dialing system to call another party without their prior express consent. See Panzarella v. Navient Sols., Inc., 37 F.4th 867, 872 (3d Cir. 2022). Credit One asserted counterclaims of fraud against Adam— effectively alleging that Adam had manufactured this litigation—and seeking indemnification from Genese. Credit One's theory was that Adam intentionally went into default to induce telephone calls, which he expected to be made via automatic telephone dialing system, in the hope of generating a TCPA claim.

The arbitrator sided with Credit One. The arbitrator denied the TCPA claim. The arbitrator also concluded that, "[i]n the abstract, one might, albeit with great difficulty,

2

conclude that all of [Adam's] and [Genese's] conduct in this case was innocent and that there was just a simple misunderstanding between ordinary consumers and an overbearing bank." ECF No. 1-3 at 16. The arbitrator decided that the context belied this interpretation. For one, this represented Adam's *seventh* nearly identical arbitration. Second, he had a prior conviction for fraud. And third, there was a recorded call that suggested Adam actually wanted the calls to continue. The arbitrator awarded Credit One $286,064.62 in attorney's fees, costs, and expenses.

Credit One then asked the District Court to confirm an arbitration award under 9 U.S.C. § 9, and the Liebermans asked the Court to vacate it under § 10. The District Court confirmed the award. See ECF Nos. 9 & 10. Credit One then filed a motion to amend the judgment to include attorney's fees incurred in the District Court proceedings. The Court granted the motion and awarded Credit One an additional $73,884.07 in costs and attorney's fees. See ECF Nos. 32 & 33. The Liebermans appealed.[1]

Beginning with the District Court's confirmation of the arbitration award, "[i]t's a steep climb to vacate an arbitration award." France v. Bernstein, 43 F.4th 367, 377 (3d Cir. 2022). Because the parties agreed to have an arbitrator resolve their dispute, we do not simply review the merits of the arbitrator's decision. Verizon Pa., LLC v. Commc'ns

_____

[1] We have jurisdiction under 28 U.S.C. § 1291. We are also satisfied, based on the parties' supplemental submissions, that the District Court had diversity jurisdiction. See 28 U.S.C. § 1332(a)(1); GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 36 (3d Cir. 2018) (explaining that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" (quoting 28 U.S.C. § 1653)).

Workers of Am., AFL-CIO, Loc. 13000, 13 F.4th 300, 306 (3d Cir. 2021).  Instead, we will "vacate an award only under the exceedingly narrow circumstances listed in 9 U.S.C. § 10(a)."  France, 43 F.4th at 377 (quotation marks, alterations omitted).  That is, "[a] court may vacate an arbitration award if 'the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'"  Verizon Pa., LLC, 13 F.4th at 306 (3d Cir. 2021) (quoting 9 U.S.C. § 10(a)(4)).  Courts will conclude that the arbitrators "exceeded their powers" if their decision is "irrational," such as there is "absolutely no support at all in the record justifying the arbitrator's determinations."  Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct., 618 F.3d 277, 295 (3d Cir. 2010).  As long as the arbitrator "makes a good faith attempt to" interpret and enforce a contract, "even serious errors of law or fact will not subject his award to vacatur."  Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 220 (3d Cir. 2012); see also Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (per curiam) (explaining that a Court may not overturn the award if it "even arguably constru[es] or appl[ies] the contract" (internal quotation marks omitted)).

While this case was initially about Adam's TCPA claim and Credit One's counterclaim of fraud, those claims are not central to this appeal.  The Liebermans have not challenged the arbitrator's denial of their claim (or the District Court's confirmation of the denial) in their appellate brief, and have thus forfeited any review.  See, e.g., M.S.

4

by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020). Meanwhile, the District Court determined that, while the Liebermans made some general arguments that the arbitrator had erred in concluding that Adam committed fraud, they did not identify any basis to vacate the arbitrator's award under 9 U.S.C. § 10(a). We agree. See generally ECF No. 3-1 at 11–14.

The analysis of the award of attorney's fees now forms the heart of this appeal. Taking the awards one by one, it was permissible for the arbitrator to award fees against Adam. The agreement says that "the arbitrator may assess attorneys' fees and costs against a party upon a showing by the other party that the first party's claim(s) or conduct was . . . pursued in bad faith." ECF No. 1-4 at 9. The arbitrator's assessment of the facts leads necessarily to the conclusion that Adam filed the claim in bad faith. In this Court, Adam has not objected to this award. See, e.g., M.S. by & through Hall, 969 F.3d at 124 n.2.

Nor did the District Court err in confirming the award against Genese. The indemnification provision of the agreement says "[i]f you provide telephone number(s) for which you are not the subscriber, you understand that you shall indemnify us for any costs and expenses, including reasonable attorneys' fees, incurred as a result of us contacting or attempting to contact you at the number(s)." ECF No. 1-4 at 8. The agreement defines "you" to cover "all persons, jointly and severally, authorized to use the Card Account." Id. at 8. Given the degree of deference that we accord to the arbitrator,

5

we conclude that it was permissible to conclude that Genese was covered by this definition. See generally Indep. Lab'y Employees' Union, Inc. v. ExxonMobil Rsch. & Eng'g Co., 11 F.4th 210, 212 (3d Cir. 2021) (explaining that "courts have no business overruling an award because our interpretation of the contract may differ" (alterations, quotation marks omitted)); Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013) (explaining that "we do not entertain claims that an arbitrator has made factual or legal errors. Rather, mindful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is enforceable." (alteration, quotation marks omitted)).

We reach the opposite conclusion, however, as to the District Court's award of another $73,884.07 in attorney's fees and costs. For this part of the appeal, we do not apply the FAA's extremely deferential standard of review; instead, we review the reasonableness of the District Court's decision for abuse of discretion and have plenary review over whether the Court applied the correct legal standard. Young v. Smith, 905 F.3d 229, 234 n.16 (3d Cir. 2018).

The District Court concluded that fees were authorized by the indemnification provision discussed above. In interpreting a contract, we look to "the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract." Barila v. Bd. of Educ. of Cliffside Park, 230 A.3d 243, 255 (N.J. 2020) (quotation marks omitted). "When the intent of the parties is plain and the

6

language is clear and unambiguous, [we] must enforce the agreement as written, unless doing so would lead to an absurd result." Id. (quotation marks omitted).

The plain language of the indemnification provision does not cover either Genese or Adam: Genese did not provide any telephone number (Adam did), and Adam did not provide a telephone number for which he was not the subscriber (he provided his own number). And, even accepting that the agreement defines "you" sufficiently broadly to potentially cover Genese, she still did not "*provide* telephone number(s)." Moreover, even if there were any ambiguity here, it would work against Credit One, for indemnification provisons are "strictly construed against the indemnitee." Kieffer v. Best Buy, 14 A.3d 737, 743 (N.J. 2011).

Credit One defends this part of the District Court's decision only briefly. See 3d Cir. ECF No. 25 at 38–40. Instead, Credit One argues mainly that, based on a choice-of-law provision in the agreement, Nevada law applies, authorizing the award of attorney's fees incurred in the course of confirming an arbitration award. The District Court did not address this argument, and we are not persuaded.

For purposes of Erie Railroad Co. v. Tompkins, attorney's fees are a question of substantive law, so state law applies in a diversity case like this one. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y., 421 U.S. 240, 260 n.31 (1975); Mitzel v. Westinghouse Elec. Corp., 72 F.3d 414, 417 (3d Cir. 1995). The next question is whether New Jersey or Nevada law should apply. We apply New Jersey's choice-of-law rules to

7

this issue.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Collins on behalf of herself v. Mary Kay, Inc., 874 F.3d 176, 183 (3d Cir. 2017).  "Under New Jersey's choice-of-law rules, a court sitting in New Jersey is required to apply New Jersey rules to procedural matters even where those same rules require the application of the substantive law of another state."  Chin v. Chrysler LLC, 538 F.3d 272, 279 (3d Cir. 2008).  "The Supreme Court of New Jersey has made clear that an award of attorneys' fees is a procedural matter to which its court rules shall apply."  Id.  This rule applies even in the face of a contractual choice-of-law provision that selects another state's law. See N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., a Div. of Keller Sys., 730 A.2d 843, 847–48 (N.J. 1999).  And, under New Jersey law, there is "a strong policy disfavoring shifting of attorneys' fees."  Id. at 848.  While it is true that "a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract," Packard-Bamberger & Co. v. Collier, 771 A.2d 1194, 1202 (N.J. 2001), the parties have not identified any statute or court rule that applies here.  Thus, Credit One has not shown that fees are authorized under state law.

Accordingly, we will affirm the District Court's judgment insofar as it confirmed the arbitrator's award, vacate to the extent that the Court imposed additional attorneys' fees and costs for the proceedings that occurred in the District Court, and remand for further proceedings.

8