[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10704
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80223-DTKH

VIVIANA NOVOA, as Personal Representative
of the Estate of Jose Ordonez, Deceased,

Plaintiff-Appellant,

versus

GEICO INDEMNITY COMPANY,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 15, 2013)

Before DUBINA, WILSON, and COX, Circuit Judges.

PER CURIAM:

Viviana Novoa challenges in this appeal the district court's order granting Geico Indemnity Company ("Geico") summary judgment on Novoa's third-party bad faith claim. Novoa contends that Geico acted in bad faith toward its insured, Christopher Meldon, because it was unable to settle Novoa's $16,591,426.07 claim within Meldon's $20,000 policy limits. Because Geico diligently sought to settle Novoa's claims against Meldon, we affirm the district court's summary judgment order.

## I. Facts and Procedural History

Jose Ordenez, Novoa's husband, stopped to help a stranded stranger, Ms. Ethel Walker, repair a flat tire on her car. During the repair, Meldon—driving under the influence of alcohol—swerved off the road, killed Ordenez, and struck both Walker's and Ordenez's vehicles. Geico, Meldon's insurer, offered to pay Meldon's full policy limits to claimants Novoa and Walker. Despite this offer, Meldon's $10,000 personal injury coverage and $10,000 property damage coverage fell drastically short of the actual damage Meldon caused.

Over the next two months, Geico repeatedly contacted Novoa to discuss the claims and settle the case. During this time, Geico offered to pay Novoa the full amount of Meldon's policy limits: $10,000 for personal injuries and $1,425.29 for

property damage.[1]   Novoa rejected these offers and brought suit against Meldon. After a jury trial, Novoa received a $16,591,426.07 judgment.

Novoa then brought this diversity suit based on Florida's third-party bad faith cause of action.  Novoa claims that Geico owes her over $16,000,000 for acting in bad faith towards Meldon.  Geico moved for summary judgment.  The district court granted Geico's summary judgment motion, and Novoa appeals.

## II. Discussion

Novoa challenges the district court's summary judgment order.  We review a district court's grant or denial of summary judgment de novo, viewing all evidence in the light most favorable to the non-moving party.  *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1247 (11th Cir. 2013).  The moving party bears the burden of establishing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.*  Once the moving party meets this burden, the non-moving party bears the burden of presenting evidence on each essential element of its claim, such that a reasonable jury could rule in its favor.  As this case is based on diversity jurisdiction, we apply the law of the forum state, Florida. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021–22 (1941).

---

[1] Meldon's policy provided for $10,000 in property damage liability coverage per incident.  In this incident, Novoa claimed $3,100 dollars in property damage and Walker claimed $18,650 in property damage.  Geico paid the entire $10,000 policy limit with each claimant receiving a prorated amount of the total.

3

Under Florida law, an insurer has a duty to handle claims as one would "in the management of his own business." *Perera v. U.S. Fid. & Guar. Co.*, 35 So.3d 893, 898 (Fla. 2010) (citation omitted). This "duty of good faith" includes a duty to attempt settlement "where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." *Id.* (citation omitted). "Breach of this duty may give rise to a cause of action for bad faith against the insurer." *Id.* In Florida, either a third-party claimant or the insured may bring this "cause of action when an insurer has breached its duty of good faith and that breach results in an excess judgment being entered against its insured." *Id.* at 899. A valid bad faith claim must show "a causal connection between the damages claimed and the insurer's bad faith." *Id.* at 903–04. Accordingly, to prevail in this appeal, Novoa must provide sufficient evidence for a reasonable jury to conclude that Geico acted in bad faith and that Geico's bad faith caused the $16,591,426.07 judgment.

## A.    Novoa fails to provide evidence that Geico acted in bad faith.

Novoa contends that Geico acted in bad faith by not diligently pursuing a settlement. To fulfill the duty of good faith, an insurer does not have to act perfectly, prudently, or even reasonably. Rather, insurers must "refrain from acting solely on the basis of their own interests in settlement." *State Farm Mut. Auto Ins. Co. v. LaForet*, 658 So.2d 55, 58 (Fla. 1995).

4

Novoa fails to provide sufficient evidence for a reasonable jury to find that Geico acted in bad faith. Instead of substantiating her claim with evidence showing bad faith, Novoa provides a litany of ways she believes Geico could have handled her claim better. While these claims have dubious factual support, even taken as true they only demonstrate that Geico could have improved its claims process, not that Geico acted in bad faith. While evidence of carelessness may be relevant to proving bad faith, Florida has expressly stated that the "standard for determining liability in an excess judgment case is bad faith rather than negligence." *Campbell v. Gov't Emps. Ins. Co.*, 306 So.2d 525, 530 (Fla. 1974).

In contrast to Novoa's contention, Geico diligently sought to settle the claim. Only nine days after the accident, Geico agreed to tender the full limit of Meldon's policy as soon as the claims were validly processed. Even viewing the facts in the light most favorable to Novoa, we find it hard to imagine how Geico acted in bad faith when it offered to pay everything it possibly could under the policy.

Accordingly, Novoa failed to provide sufficient evidence for a reasonable jury to find that Geico acted in bad faith.

## B.    Novoa does not provide evidence that Geico's alleged bad faith caused the excess judgment.

Even assuming that Geico acted in bad faith, Novoa must still show that Geico's bad faith caused the excess judgment. In an interesting reversal, Novoa—who declined every settlement offer Geico made, refused on multiple occasions to

5

discuss settlement, delayed providing Geico information it needed to propose a settlement, never made a counteroffer, and never made a settlement proposal—now claims that she would have settled the entire case if Geico had simply offered her the full $3,100 instead of the prorated $1,425.29 for her property damage.[2]

Novoa's claim that she would have settled this $16,000,000 case if Geico simply offered her $1,674.71 more in property damage is patently self-serving. Novoa provides no reason why she would settle an undisputed claim for over a thousand times less than its actual value or why she never proposed such a favorable settlement until after filing this suit. Even putting that aside, Novoa's novel settlement would require Geico to pay in excess of Meldon's policy limits given that Walker's vehicle was also damaged. An insurer has a duty to act in good faith under the insurance agreement, not to provide free coverage.

Accordingly, Novoa failed to provide sufficient evidence for a reasonable jury to find that Geico caused the excess judgment.

### III. Conclusion

Novoa fails to provide evidence sufficient for a reasonable jury to find that Geico acted in bad faith and that Geico's bad faith caused an excess judgment.

---

[2] Novoa's behavior may be rational. Novoa had a claim worth far more than the maximum amount Geico could pay in settlement. Still, one could expect Novoa to settle for that maximum amount and avoid the costs of litigation if she knew with relative certainty that Meldon was judgment proof. However, Florida's third-party bad faith cause of action creates an incentive for a claimant in Novoa's situation to reject any proposed settlements and instead plan to proceed with a bad faith claim.

Accordingly, the district court correctly granted Geico summary judgment.  We affirm.

AFFIRMED.