**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13745

Non-Argument Calendar

_____

SIENNA GRIMES,

*Plaintiff-Appellant,*

*versus*

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02542-SDM-LSG

_____

Before LUCK, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Sienna Grimes, appeals the district court's order granting summary judgment to Appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), on her bad faith claim, which arose following an automobile accident caused by State Farm's insured, Larry Stanaland ("Stanaland"). Grimes, along with several other individuals, sustained injuries from the accident, but Grimes, unlike the other individuals, did not enter into a settlement agreement with State Farm. Rather, Grimes filed suit in state court against Stanaland and his wife, Mary, who co-owned the vehicle with her husband. The jury found in favor of Grimes, awarding her more than the policy limits of the Stanaland's policy with State Farm, and Grimes subsequently filed a bad faith claim against State Farm in state court to recover the excess judgment. State Farm removed the case to federal district court and filed a motion for summary judgment, which the district court granted. Having reviewed the record and read the parties' briefs, we affirm the district court's summary judgment order.

## I.

We review *de novo* a district court's order granting summary judgment. *Martinez v. GEICO Cas. Ins. Co.,* 152 F. 4th 1323, 1330 (11th Cir. 2025). We apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact. *Id.*

## II.

On June 27, 2020, Larry Stanaland, driving a vehicle owned jointly with his wife, Mary, a passenger in the vehicle, ran a red light and struck three other vehicles. One of the vehicles was driven by Grimes and owned by Jordan Legault. At the time of the accident, State Farm insured the Stanalands under a policy that covered bodily injury of $25,000 for each person and $50,000 for each accident. State Farm received notice of the accident and assigned the bodily injury claims to a claims specialist. The claims specialist informed Larry Stanaland that he needed to accept liability for the accident and explained excess exposure to him. The claims specialist sent two letters explaining that there could be personal liability on Larry Stanaland's part for the sum that exceeds his coverage limit and that several individuals involved in the accident had submitted bodily injury claims.

The claims specialist began organizing a global settlement conference and retained attorney Shelton McKean to represent State Farm and retained a separate attorney to represent the Stanalands. McKean contacted lawyers representing each party to schedule a global settlement conference for September 29, 2020. McKean explained that if the claimants did not agree on a global division of the bodily injury limit, State Farm would negotiate settlements individually, in which case some claimants might not receive a portion of the money. During this time, Grimes lawyer, Jeffrey Byrd, asserted a policy-limits settlement demand, refusing to accept less than the $25,000 per person limit, and stated that Grimes would not attend the global settlement conference.

On September 11, 2020, the Stanalands' lawyer contacted State Farm's claims specialist and lawyer to insist that Grimes agree to release the Stanalands and to object to State Farm's offering $25,000 to Grimes without including the other known claimants. The State Farm claims specialist prepared an evaluation of Grimes's bodily injury claim, noting that some of her injuries were probably caused by the crash but did not evaluate her future medical bills. The claims specialist told Larry Stanaland that State Farm would not accept Grimes's demand. State Farm's lawyer contacted Byrd informing him that a global settlement conference was the best method to settle all claims and that State Farm would not agree to Grimes's demand because the demand did not release the Stanalands.

Byrd responded with a letter to both State Farm's claims specialist and lawyer informing them that Grimes would release her claims against the Stanalands for $25,000, and he extended the demand deadline for three days. Byrd sent another letter reiterating that no variance of the terms of the settlement offer would be acceptable, the global settlement conference had no effect on Grimes's position on settlement, and he, but not Grimes, would attend the global settlement conference. The Stanalands stated that they received both State Farm's communications and Byrd's responses.

On September 17, 2020, State Farm's lawyer provided the Stanalands' lawyers with updated medical and billing summaries on all claimants, with Grimes's medical costs totaling $12,947.96 to

date.  The Stanalands' lawyer recommended to the claims specialist that State Farm offer Grimes $10,000 in settlement.  The claims specialist confirmed that the Stanalands' lawyer advised them about the demand.  The State Farm lawyer offered Grimes $10,000, and six days later, Grimes sued the Stanalands in state circuit court.

At the global settlement conference, all parties present, including the Stanalands, were represented by counsel.  State Farm agreed to settle one claim for $24,000, another claim for $13,000, and a third claim for $11,000.  The conference concluded with no negotiation of Grimes's claims and with $2,000 of the policy limit remaining.  Several months later, Grimes offered to settle with only Mary Stanaland for $50,000, and after several more months, requested $25,000 to settle the dispute.  Eventually, the Stanalands offered Grimes $10,000 to settle, which included $8,000 from the Stanalands' personal account and $2,000 from the remains of the policy.  Grimes declined the offer.

Grimes's state case against the Stanalands proceeded to trial in June 2022, and the jury awarded Grimes total damages of $85,204.59, including past and future medical expenses, but awarded nothing for future pain and suffering.  Grimes initiated a claim against State Farm alleging that it engaged in bad faith when it failed to settle her claim against the Stanalands within the policy limits.  Grimes sought to recover from State Farm the amount of the judgment plus certain attorney's fees in connection with the underlying action.

Grimes argues on appeal that the district court erred in granting summary judgment on her bad faith claim because issues of material fact existed, the district court misinterpreted case law, and the district court utilized impermissible credibility and evidentiary weight determinations. In response, State Farm contends that the district court properly granted summary judgment because there were no triable issues of fact, and Grimes could not show a causal connection between the excess judgment awarded against the Stanalands and any act of bad faith by State Farm. Based on the record, we conclude that the district court properly granted summary judgment.

### III.

Under Florida law, an insurer owes a duty of good faith to the insured and has a duty to use "the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980). Specifically, in part, the insurer is obligated to advise the insured of settlement opportunities, to warn of the possibility of excess judgment, and to advise the insured of any ways to avoid excess judgment. *Id.* The insurer must also investigate the facts, consider any settlement offer, and "settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." *Id.* In sum, "insurers must refrain from acting solely on the basis of their own interests in settlement." *Novoa v. GEICO Indem. Co.*, 542 F. App'x 794, 796 (11th Cir. 2013) (internal quotation marks omitted). A prerequisite for a bad faith claim is "a causal connection between the

damages claimed and the insurer's bad faith." *Perera v. U.S. Fid. & Guar. Co.*, 35 So. 3d 893, 903-04 (Fla. 2010).

An insurer must settle as many claims as possible within the policy limits and "avoid indiscriminately settling selected claims and leaving the insured at risk of excess judgments that could have been minimized by wiser settlement practice." *Farinas v. Fla. Farm Bureau Gen. Ins. Co.*, 850 So. 2d 555, 560 (Fla. Dist. Ct. App. 2003). An insurer may settle with claimants from the same accident, even if the settlements exhaust the policy limit and leave one or more claimants without recourse against the insurer if the insurer's decision is reasonable and comports with good faith. *Mesa v. Clarendon Nat'l Ins. Co.*, 799 F.3d 1353, 1359 (11th Cir. 2015).

Grimes contends that the district court misapplied *Farinas* and *Aldana Progressive Am. Ins. Co.*, 828 F. App'x 663 (11th Cir. 2020), where the courts did not grant summary judgment to the insurer in multiple-plaintiff bad faith cases. In *Farinas*, the court found summary judgment for the insurer improper because there was evidence the insurer entered a quick settlement with three of seven claimants and declined to pursue a global settlement or globally offer the bodily injury liability limits. 850 So.2d at 561. In *Aldana*, the district court, based on the evidence, determined that Progressive had not worked diligently to ensure a global settlement conference, and that Progressive failed to advise the insured about the possibility of an excess judgment, the possible extent of the judgment, and the steps available to avoid the judgment. 828 F. App'x at 670-72. In both cases, the courts found genuine issues to exist on

whether the insurer engaged in bad faith in handling the claims and denied summary judgment.

The district court in this case properly found a distinction from *Farinas* and *Aldana* and the present case, noting that State Farm advised the Stanalands of settlement opportunities and the possible outcome of litigation, warned them of the possibility of an excess judgment, pursued a global settlement conference, and advised the Stanalands of the steps necessary to avoid an excess judgment. Here, the district court found that, unlike *Farinas* and *Aldana*, there were no genuine issues to preclude summary judgment. Moreover, contrary to Grimes's claim, these cases do not hold that multiple-claimant cases are not suitable for summary judgment disposition and must be resolved by a jury. *See e.g. Martinez*, 152 F. 4th at 1331 (affirming the grant of summary judgment in favor of the insurer in a multiple-claimant case because there was insufficient evidence from which a reasonable jury could find the insurer acted in bad faith by scheduling a global settlement conference and structuring a settlement plan that would "minimize the magnitude of possible excess judgments" against its insured); *Mesa*, 799 F. 3d at 1360 (affirming the grant of summary judgment in favor of insurer and reasoning that "because there were multiple claimants, [the insurer's] decision to pursue a global settlement was consistent with its duty of good faith under Florida law").

Grimes also contends that the district court inserted its own findings of fact as to reasonableness when it determined that no reasonable juror could find that State Farm acted in bad faith.

However, the record supports the district court's determination that State Farm satisfied its burdens imposed by the multiple competing claims asserted by the three other individuals injured in the accident. State Farm kept its insureds informed of the claim resolution process via letters, and decisions concerning Grimes's policy limit demand were made in consultation with the insureds and their attorney. Further, decisions concerning settlement offers at the global settlement conference were made in consultation with the insureds, their attorney, and State Farm's counsel. The Stanalands stated that they believed the settlement of the three claims at the settlement conference was in their best interest.

Contrary to Grimes's assertions, there is no evidence that State Farm failed to conduct an investigation, that the omissions on State Farm's written evaluation established bad faith, that any negligence on the part of State Farm creates a jury question that precludes the grant of summary judgment, and there is no evidence that State Farm did not properly advise its insureds during the process. Under the totality of the circumstances, Grimes cannot show that State Farm's settlement with the other claimants was in bad faith.

Grimes takes issue with the district court's mention of her unwillingness to settle, arguing that the focus in a bad faith case is on the actions of the insurer. That may be but a claimant's unwillingness to settle her claim is a relevant factor to consider under the totality of the circumstances when determining whether the insurer acted in bad faith. *See Pelaez v. Gov't Emps. Ins. Co.*, 13 F. 4th

1243, 1254 (11th Cir. 2021) (holding that in a third party bad faith case, the actions of the third party claimant and his attorney showed, in the totality of the circumstances, that the insurer fulfilled its duty to the insured and showed "how the failure to settle the lawsuit against the insureds did not result from bad faith of the insurer"). Thus, the actions of Grimes and her attorney are relevant, in the totality of the circumstances, to the issue of whether State Farm should have settled Grimes's claim against the Stanalands within the policy limits. The record demonstrates that Grimes was not willing to negotiate a settlement below the $25,000 policy limits, and the district court properly considered this factor in finding that State Farm did not act in bad faith.

We also find no support for Grimes's argument that the district court erred when it did not consider the opinions of her expert. The district court was not required to accept the opinions because they consisted of unsupported conclusions and reiterations of Grimes's arguments. A party does not avoid summary judgment based on an expert affidavit that simply sets forth conclusory statements. *See Evers v. Gen. Motors Corp.*, 770 F. 2d 984, 986-87 (11th Cir. 1985) (noting that a plaintiff could not defeat summary judgment by filing an affidavit from an expert asserting an unsupported opinion). *See Martinez*, 152 F. 4th at 1338 (affirming summary judgment for insurer and noting that opinion held by plaintiff's expert regarding the insurer's handling of the global settlement conference was nothing more than a conclusory allegation).

Accordingly, based on the aforementioned reasons, we affirm the district court's order granting summary judgment to State Farm on Grimes's bad faith claim.

**AFFIRMED.**